In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00060-CR


______________________________




MARK DOUGLAS MUCKLEROY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 4th Judicial District Court


Rusk County, Texas


Trial Court No. CR05-277




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Justice Ross



O P I N I O N



 Mark Douglas Muckleroy was convicted by a jury for possession of
methamphetamine (less than one gram), with two prior convictions. The jury assessed
punishment at twenty years' imprisonment, and the trial court sentenced him accordingly. 
Muckleroy appeals, contending the evidence is insufficient because the State's chemist
testified that only a "trace" amount of methamphetamine was found. We find the evidence
sufficient and affirm the judgment.

 Muckleroy was stopped by police officers after they observed him drive his pickup
truck almost into a ditch, first on the right side, and then on the left side of the road. The
officers testified that Muckleroy appeared intoxicated and was arrested for driving while
intoxicated. A passenger, Jimmy Medford, was questioned and released. Officers
inventoried the truck and found a plastic baggie with white powder in it. Officers conducted
a field test that showed positive results for methamphetamine. The baggie was later sent
to a state chemist, who testified that it still contained residue identifiable as
methamphetamine. 

 In reviewing the legal sufficiency of the evidence, we view the relevant evidence in
the light most favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In a factual sufficiency review, the appellate
court views all the evidence in a neutral light and determines whether the evidence
supporting the verdict is so weak that the jury's verdict is clearly wrong and manifestly
unjust or whether the great weight and preponderance of the evidence is contrary to the
verdict. Id.; see Watson v. State, No. PD-469-05, 2006 Tex. Crim. App. LEXIS 2040 (Tex.
Crim. App. Oct. 18, 2006); Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).

 Muckleroy contends that, because only a trace amount of methamphetamine was
found the evidence is insufficient under controlling caselaw. As he points out, in Coleman
v. State, 545 S.W.2d 831, 835 (Tex. Crim. App. 1997), the Texas Court of Criminal
Appeals stated unambiguously, and quite reasonably, "It would be a harsh rule, indeed,
that would charge appellant with knowingly possessing that which it required a microscope
to identify." However, that court has also held there is no requirement that a controlled
substance must be visible and measurable to support a conviction for possession of
contraband. See King v. State, 895 S.W.2d 701, 702-04 (Tex. Crim. App. 1995); (1) see also
Joseph v. State, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995) (finding it error to require
controlled substance to be visible to naked eye to support conviction; visibility not an
element of possession of controlled substance); Hyett v. State, 58 S.W.3d 826, 831 (Tex.
App.--Houston [14th Dist.] 2001, pet ref'd).

 In this case, Deputy Amber Tyson testified that, when the officers found the baggie,
she could see that it contained a white, powdery substance. She testified that there was
not much, but there was enough to field test and then to turn in for formal testing as well. 
This particular case does not turn on the question of whether the quantity of contraband
was so infinitesimal as to be invisible--because there was testimony that it was visible.

 Visibility is no longer an element of the offense of possession of a controlled
substance. See Cantu v. State, 546 S.W.2d 621, 622 (Tex. Crim. App. 1977). Rather, in
order to show intent to possess, a court may rely on a defendant's "affirmative links" to the
substance. See generally King, 895 S.W.2d 701. There is no requisite number of
"affirmative links." Rather, it is the "logical force the factors have in establishing the
elements of the offense" that is important. See, e.g., Gilbert v. State, 874 S.W.2d 290, 298
(Tex. App.--Houston [1st Dist.] 1994, pet. ref'd).

 Muckleroy contends that, because only a trace amount of contraband was found,
it was necessary for the State to prove additional affirmative links between him and the
contraband before the evidence could be legally or factually sufficient to support the
verdict. The cases do not specifically require any particular link to be shown, but do require
the evidence to be sufficient to show that the accused possessed the contraband. King,
895 S.W.2d at 703. (2) The difficulty in these cases lies in the inarguable fact that scientific
analysis has outstripped the statutes. The statutes authorize conviction for possession of
any amount below the statutory level. There is no minimum limitation. Thus, if any amount
of contraband can be found by any level of scientific analysis, no matter how minuscule the
amount might be, conviction is authorized under the statute. 

 The cases cited above have focused on whether additional evidence (affirmative
links) exists which justify a conclusion of knowing possession, even when the amount
possessed is so minuscule as to be visible only under a microscope--or when the
container or surface is washed to obtain invisible residue for testing--even if the amount
(if measurable at all) is measured in single digit micrograms. 

 Under the facts of this case, we have evidence that, when the baggie was found,
there was visible white powder inside it--on which the officer ran a field test with a positive
result. The chemist testified that the baggie contained residue, that he did an acid rinse
on the baggie, and that he found a trace amount of methamphetamine. (3) 

 The affirmative links (4) supporting a finding that Muckleroy knowingly possessed the
methamphetamine include: 1) the methamphetamine was found in the vehicle he was
driving; 2) the methamphetamine was located within his reach; 3) a pipe used for smoking
illegal drugs was found in a beverage bag hanging from the turn signal lever of the vehicle;
4) numerous pieces of aluminum foil, commonly used to wrap narcotics, were inside the
vehicle; 5) Muckleroy told the officers the methamphetamine probably belonged to one of
his girlfriends; and 5) Medford told the officers that Muckleroy was carrying
methamphetamine in the vehicle. 

 We also note the officers testified that Muckleroy smelled of alcohol and was
intoxicated, and that they found open beer cans and cold unopened cans of beer in the
vehicle. We also note that the testimony was that the pipe found in the beverage bag
hanging from the turn signal lever was of a type used to smoke cocaine or marihuana--not
methamphetamine. There was no evidence about any "residue" on the pipe or any
analysis to show what the use of the pipe had been. 

 Under these facts, we conclude the jury had legally sufficient evidence before it to
support its verdict, and viewing the evidence in a neutral light, we further conclude the
evidence supporting the verdict is not so weak that the jury's verdict is clearly wrong and
manifestly unjust. Neither do we find that the great weight and preponderance of the
evidence is contrary to the verdict. 

 Accordingly, we affirm the judgment.



 Donald Ross

 Justice


Date Submitted: September 29, 2006

Date Decided: October 27, 2006


Publish

1. We note that, in concluding that an invisible amount supported the conviction, the
court focused more on other factors showing that a visible and usable amount of
contraband had recently been in the defendant's possession.
2. When the quantity of a substance possessed is so small that it cannot be
measured, there must be evidence other than mere possession to prove that the defendant
knew the substance in his or her possession was a controlled substance. King, 895 S.W.2d
at 703; Shults v. State, 575 S.W.2d 29, 30 (Tex. Crim. App. [Panel Op.] 1979).
3. The chemist testified that any amount less than ten milligrams is reported as a
trace.
4. The "affirmative links rule" is designed to protect the innocent bystander from
conviction based solely on fortuitous proximity to someone else's drugs. This rule simply
restates the common-sense notion that a person--such as a father, son, spouse,
roommate, or friend--may jointly possess property like a house but not necessarily jointly
possess the contraband found in that house. Thus, the rule is: "[w]hen the accused is not
in exclusive possession of the place where the substance is found, it cannot be concluded
that the accused had knowledge of and control over the contraband unless there are
additional independent facts and circumstances which affirmatively link the accused to the
contraband." Poindexter v. State, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005).

 Recognized factors include whether: (1) the contraband was in plain view or
recovered from an enclosed place; (2) the accused was the owner of the premises or the
place where the contraband was found; (3) the accused was found with a large amount of
cash; (4) the contraband was conveniently accessible to the accused; (5) the contraband
was found in close proximity to the accused; (6) a strong residual odor of the contraband
was present; (7) the accused possessed other contraband when arrested;
(8) paraphernalia to use the contraband was in view, or found on the accused; (9) the
physical condition of the accused indicated recent consumption of the contraband in
question; (10) conduct by the accused indicated a consciousness of guilt; (11) the accused
attempted to flee; (12) the accused made furtive gestures; (13) the accused had a special
connection to the contraband; (14) the occupants of the premises gave conflicting
statements about relevant matters; (15) the accused made incriminating statements
connecting himself or herself to the contraband; (16) the quantity of the contraband; and
(17) the accused was observed in a suspicious area under suspicious circumstances. 
Lassaint v. State, 79 S.W.3d 736, 740-41 (Tex. App.--Corpus Christi 2002, no pet.); Kyte
v. State, 944 S.W.2d 29, 31-32 (Tex. App.--Texarkana 1997, no pet.).