NO. 07-08-0121-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 7, 2009

______________________________


MICHAEL WAYNE TRIPLETT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 56,046-D; HONORABLE DON EMERSON, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
OPINION
          Following a plea of not guilty, Appellant, Michael Wayne Triplett, was convicted by
a jury of possession of less than one gram of a controlled substance, to-wit:
methamphetamine,


 a state jail felony. Tex. Health & Safety Code Ann. § 481.115(b)
(Vernon 2003).


 However, because the State alleged the offense was committed within
1,000 feet of school property, it was punishable as a third degree felony. § 481.134(d). 
Sentence was imposed by the trial court at ten years confinement, suspended in favor of
ten years community supervision. By two issues, Appellant maintains the evidence is
legally and factually insufficient to support his conviction. We affirm.
Background Facts
          At approximately 9:30 a.m. on June 22, 2007, Officers Christopher Sheffield and
Paul Ware of the Amarillo Police Department were dispatched to an address to inquire
about a vehicle parked in the alley. Officer Sheffield arrived first and when he exited his
patrol car, he heard male voices coming from a nearby garage. Upon investigation, he 
observed two males standing in the garage, Appellant and his cousin, Kelly Shackelford. 
The garage was owned by Kelly’s mother and Appellant’s aunt, Margie Shackelford. 
          According to Officer Sheffield’s testimony, he could hear the occupants’
conversation, but nothing about that conversation raised any suspicion. As Officer
Sheffield approached, Appellant was standing in the garage, facing the trunk of a disabled
vehicle.


 As Officer Sheffield neared the garage, he observed a syringe cap, digital scales,
and two clear plastic baggies containing what he believed to be methamphetamine located
on the trunk of the vehicle.


 During Officer Sheffield’s testimony, the State also introduced
State’s Exhibit 3, a photograph, which further depicts what he “saw that day.” In addition
to the items already named by Officer Sheffield, the photograph shows a spoon containing
a liquid substance, a syringe,


 a lighter, cigarettes, a Gatorade bottle, an Ozarka water
bottle, and a canvas bag, all on the trunk of the disabled vehicle. 
          Suspecting Appellant and Kelly of possessing a controlled substance, Officer
Sheffield asked them to step out of the garage. Before Kelly exited the garage, he placed
a syringe he had been holding in his right hand on the trunk of the disabled vehicle. Both
Appellant and Kelly were compliant with Officer Sheffield’s requests. Officer Ware arrived
and the suspects were separated and handcuffed. Officer Ware searched Appellant, but
the search revealed no drugs or drug paraphernalia on him. 
          Appellant and Kelly were both charged with possession of a controlled substance
in a drug free zone.


 Kelly subsequently entered a plea of guilty pursuant to a plea bargain
with the State. Appellant, however, maintained his innocence and proceeded to a jury trial
on the merits, electing to have the court assess punishment in the event of a conviction. 
          At trial, Officer Ware testified that Appellant was compliant at all times during the
investigation. On direct examination, when asked if he heard anything while approaching
the garage, he answered, “I couldn’t really remember what was said. They were saying
later on that we didn’t have a right to be in their garage.” 
          At trial, Kelly assumed sole ownership and possession of the controlled substance
and drug paraphernalia and explained that he had entered into a plea bargain with the
State pertaining to the events of that day. During Margie’s testimony, she too confirmed
that the controlled substance belonged to Kelly. Appellant did not testify.
          Kelly and Margie both offered testimony to the effect that Appellant’s purpose for
being there that morning was to check on Kelly’s welfare. According to their testimony,
Kelly and his wife had spent the previous evening involved in a domestic dispute. Margie
testified that she and Appellant sat in her car outside Kelly’s house for about an hour while
Kelly and his wife went “round and round,” then in the early morning hours of June 22nd,
Margie, Kelly, and Appellant drove to her residence in their separate vehicles. According
to Margie’s testimony, Appellant had been at the residence less than 30 minutes and was
preparing to leave to purchase a soft drink when the officers arrived.

Possession
          As per the indictment in this case, the State was required to prove that Appellant
knowingly or intentionally possessed a controlled substance in an amount less than one
gram. To prove possession, the State was required to show that Appellant (1) exercised
“actual care, custody, control, or management” of the substance and (2) knew the matter
possessed was contraband. See § 481.102(38). See also Tex. Penal Code Ann. §
1.07(39) (Vernon Supp. 2008); Poindexter v. State, 153 S.W.3d 402, 405-06
(Tex.Crim.App. 2005). 
          Furthermore, when, as here, the accused does not have exclusive possession of 
the controlled substance or the locale where the controlled substance was found, it cannot
be concluded or presumed that the accused had possession over the contraband unless
there are additional independent facts or circumstances that tend to connect or link


 the
accused to the knowing possession of the contraband. Id. 153 S.W.3d at 406; Evans v.
State, 202 S.W.3d 158, 161-62 (Tex.Crim.App. 2006); Allen v. State, 249 S.W.3d 680, 691
(Tex.App.–Austin 2008, no pet.). Mere presence of a defendant at the scene of an
offense, or even knowledge that an offense is being committed, does not make one a party
to joint possession. Herndon v. State, 787 S.W.2d 408, 410 (Tex.Crim.App. 1990) (citing
Rhyne v. State, 620 S.W.2d 599, 601 (Tex.Crim.App. 1982)). While some links, including
presence, may show knowledge of illegal activities, presence alone does not furnish the
connection necessary to establish that a defendant knowingly possessed the contraband. 
Herndon, 787 S.W.2d at 410. Regardless of whether the evidence is direct or
circumstantial, in addition to mere presence, the State’s case must establish some link
between the defendant and the controlled substance which is more than fortuitous. Evans,
202 S.W.3d at 161. The “links rule” is designed to protect the innocent bystander–a
relative, friend, spouse, roommate, or even stranger to the actual possessor–from
conviction based solely upon his fortuitous proximity to someone else’s illegal activities. 
Id. at 161-62; Poindexter, 153 S.W.3d at 406.
          Numerous nonexclusive factors have been recognized as contributing to an
evaluation of whether an accused is linked to the contraband. See Willis v. State, 192
S.W.3d 585, 593 (Tex.App.–Tyler 2006, pet. ref’d); Muckleroy v. State, 206 S.W.3d 746,
749 n.4 (Tex.App.–Texarkana 2006, pet. ref’d). Those links include, but are not limited to:
(1) whether the contraband was in plain view or recovered from an enclosed place; (2)
whether the defendant was the owner of the premises or had the right to possess or control
the place where the contraband was found; (3) whether the defendant was found in
possession of a large amount of cash; (4) whether the contraband was conveniently
accessible to the defendant; (5) whether the contraband was found in close proximity to
the defendant; (6) whether an odor of contraband was present; (7) whether the defendant
possessed other contraband when arrested; (8) whether the defendant possessed
paraphernalia to use the contraband; (9) whether paraphernalia to use the contraband 
was available to or in plain view of the defendant; (10) whether the physical condition of
the defendant indicated recent consumption of the contraband in question; (11) whether
conduct by the defendant indicated a consciousness of guilt; (12) whether the defendant
made any incriminating statements when arrested; (13) whether the defendant attempted
to flee; (14) whether the defendant made furtive gestures; (15) whether the defendant had
a special connection to the contraband; (16) whether the persons present gave conflicting
statements about relevant matters; (17) the quantity of the contraband discovered; (18)
whether the defendant was armed; (19) whether the defendant was observed in a
suspicious place under suspicious circumstances; (20) whether the accused was familiar
or had previous experience with drugs; and, (21) whether any forensic evidence (e.g.,
fingerprints, DNA, etc.) connects the defendant to the contraband or its container. See id. 
See also Evans, 202 S.W.3d at 162 n.12; Figueroa v. State, 250 S.W.3d 490
(Tex.App.–Austin 2008, pet. ref’d), cert. denied, No. 08-7719, 2009 WL 425291 (U.S. Tex.
Feb. 23, 2009). 
          There is no set formula that an appellate court can use to determine if there are
sufficient links to support an inference of knowing possession of drugs. Taylor v. State,
106 S.W.3d 827, 831 (Tex.App.–Dallas 2003, no pet.). Each case must be examined
according to its own facts on a case-by-case basis . Roberson v. State, 80 S.W.3d 730,
736 (Tex.App.–Houston [1st Dist.] 2002, pet. ref’d). A factor that contributes to sufficiency
in one situation may be of little or no value under a different set of facts. Id. Moreover,
the number of links is not as important as the combined logical force of all the evidence
tending to link the accused to the contraband. Evans, 202 S.W.3d at 162, 166.Legal Sufficiency
          By his first issue, Appellant contends the evidence is legally insufficient to support
his conviction.


 We disagree. 
          When both the legal and factual sufficiency of the evidence are challenged, we must
first determine whether the evidence is legally sufficient to support the verdict. Clewis v.
State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). It is a fundamental rule of criminal law
that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that
the defendant committed each element of the alleged offense. U.S. Const. amend. XIV;
Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2008); Tex. Penal Code Ann. § 2.01
(Vernon 2003). Evidence is legally insufficient if, when viewed in a light most favorable to
the prosecution, a rational trier of fact could not have found each element of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789,
61 L.Ed.2d 560, 573 (1979); Laster v. State, 275 S.W.3d 512, 517 (Tex.Crim.App. 2009). 
           This standard is the same in both direct and circumstantial evidence cases. Laster,
275 S.W.3d at 517-18. In measuring the legal sufficiency of the evidence to sustain a
conviction, we measure the elements of the offense as defined by a hypothetically correct
jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). A hypothetically
correct jury charge is a charge that accurately promulgates the law, is authorized by the
indictment, does not unnecessarily increase the State’s burden of proof or restrict the
State’s theory of criminal responsibility, and adequately describes the particular offense for
which the defendant was tried. Grotti v. State, 273 S.W.3d 273, 280-81 (Tex.Crim.App.
2008).
          In measuring legal sufficiency, an appellate court must consider all the evidence that
was before the jury—whether proper or improper—so that we can make an assessment
from the jury's perspective. Miles v. State, 918 S.W.2d 511, 512 (Tex.Crim.App. 1996). 
As an appellate court, we sit as a final, due process safeguard, ensuring only the rationality
of the factfinder, and we must uphold the jury's verdict unless it is found to be irrational or
unsupported by more than a “mere modicum” of evidence. Moreno v. State, 755 S.W.2d
866, 867 (Tex.Crim.App. 1988). Our role is restricted to guarding against the rare
occurrence when a factfinder does not act rationally. Laster, 275 S.W.3d at 517.
                     Analysis
          According to the evidence presented in this case, in addition to mere presence, the
following links tend to connect Appellant to the contraband:
∙in plain view of Appellant, on the trunk of a disabled vehicle parked in
the garage, were a syringe cap, digital scales, a spoon containing a
liquified controlled substance, and two plastic baggies containing a
solid form of the same controlled substance;
∙Appellant was in close proximity to controlled substance;
∙Appellant was facing the items described above;
∙Appellant and the only other occupant of the garage, Kelly, were not
strangers to one another;


 
∙Kelly was holding a syringe at the time of their arrest;
∙Kelly admitted to possessing the controlled substance;
∙the contraband was in the garage which could be considered an
enclosed space; and
∙the occupants of the garage made a statement regarding the officers’
lack of authority to be present in the garage.



 
          Viewing the evidence in the light most favorable to the verdict, we conclude the
evidence is legally sufficient to support the jury’s implied finding that Appellant exercised
“actual care, custody, control, or management” of the substance and knew the matter
possessed was contraband. Issue one is overruled.
Factual Sufficiency
          By his second issue, Appellant also maintains the evidence is factually insufficient
to support his conviction. Again, we disagree. 
          When conducting a factual sufficiency review, we begin with the assumption that the
evidence is legally sufficient under Jackson v. Virginia. See Laster, 275 S.W.3d at 518. 
Evidence that is legally sufficient, however, can be deemed factually insufficient in either
of two ways: (1) the evidence supporting the conviction is so weak that the jury’s verdict
seems “manifestly unjust,” “shocks the conscience,” or “clearly demonstrates bias,” or (2)
considering conflicting evidence, the factfinder’s verdict is “against the great weight and
preponderance of the evidence.” Id.; See also Grotti, 273 S.W.3d at 283; Watson v. State,
204 S.W.3d 404, 426 (Tex.Crim.App. 2006); Clewis, 922 S.W.2d at 135. In a factual
sufficiency review, the reviewing court must consider all of the evidence in a neutral light
(i.e., without the prism of “in the light most favorable to the prosecution”). Steadman v.
State, 280 S.W.3d 242, 246 (Tex.Crim.App. 2009); Laster, 275 S.W.3d at 518.
          In reviewing a jury’s decision we are mindful that the jury is the sole judge of the
credibility of the witnesses and the weight to be given testimony. Lancon v. State, 253
S.W.3d 699, 705 (Tex.Crim.App. 2008). A jury is entitled to disbelieve some or all of a
witness’s testimony, even when that testimony is uncontradicted. Hernandez v. State, 161
S.W.3d 491, 501 (Tex.Crim.App. 2005). Therefore, appellate courts should afford almost
total deference to a jury’s decision when that decision is based upon an evaluation of
credibility, Lancon, 253 S.W.3d at 705; because, being present to hear the testimony, as
opposed to relying upon a cold record, the jury is in the better position to judge the
credibility of the witness. Marshall v. State, 210 S.W.3d 6189, 625 (Tex.Crim.App. 2006). 
          In conducting a factual sufficiency review, an appellate court must exercise its
factual sufficiency jurisdiction with great deference to the jury’s findings and we cannot
conclude that the conviction is factually insufficient simply because we might otherwise
disagree with the jury’s verdict. Watson, 204 S.W.3d at 416-17; Cain v. State, 958 S.W.2d
404, 407 (Tex.Crim.App. 1997). Basically, the only question to answer in a factual
sufficiency review is: “Considering all of the evidence in a neutral light, was a jury rationally
justified in finding guilt beyond a reasonable doubt?” See Grotti, 273 S.W.3d at 283 (citing
Watson, 204 S.W.3d at 415). 
          As directed by the Court of Criminal Appeals, in conducting our analysis we are
guided by at least three “basic ground rules”: (1) we must consider all of the evidence in
a neutral light, as opposed to in a light most favorable to the verdict;


 (2) we may only find
the evidence factually insufficient when necessary to “prevent manifest injustice”;


 and (3)
in reversing a conviction we must explain why the evidence presented is too weak to
support the verdict or why the conflicting evidence greatly weighs against the verdict.


 
Laster, 275 S.W.3d at 518; Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).
          Analysis
          Our analysis of Appellant’s factual sufficiency issue requires that we address both
ways in which evidence can be determined to be factually sufficient. On the one hand,
Appellant contends there was conflicting evidence that renders the jury’s verdict factually
insufficient; whereas, on the other hand, he also argues that the evidence supporting the
verdict is, in and of itself, too weak to support the jury’s verdict. We will address each
argument separately.
Conflicting Evidence
          Appellant contends he was merely an innocent bystander and, considering the 
conflicting evidence, the jury’s verdict is against the great weight and preponderance of the
evidence in three ways: (1) both Kelly and Margie indicated that the controlled substance
belonged to Kelly, not Appellant; (2) Appellant’s purpose for being there was to check on
Kelly’s welfare, not to possess or consume any controlled substances; and (3) Appellant
was about to leave, not stay.  
           According to the record before us, the “undisputed” facts


 elicited during trial are:
•the controlled substance was located in plain view on the trunk of a
disabled vehicle located in a garage which was located in Potter
County, Texas, within 1000 feet of an elementary school; 
•the controlled substance was found in two baggies and in a spoon
containing a liquid substance;
∙Appellant was in the garage, standing near the driver’s side of the
vehicle when Officer Sheffield arrived;
∙Appellant was facing the trunk where the controlled substance was
located when Officer Sheffield arrived;
∙Kelly was in the garage, standing near the back of the vehicle when
Officer Sheffield arrived;
∙Kelly was holding an empty syringe in his right hand;
∙Appellant and Kelly were not strangers to one another;



∙when asked to exit the garage by Officer Sheffield, Kelly placed the
syringe on the trunk of the vehicle;
∙Kelly and Appellant were both compliant when asked to exit the
garage;
∙Appellant was compliant when searched by Officer Ware;
∙the premises where the controlled substance was located was owned
by Margie Shackelford;
∙the premises where the controlled substance was located was not in
the exclusive control of Appellant;
∙no cash, controlled substances, drug paraphernalia or weapons were 
found on Appellant during the search;
∙the quantity of the controlled substance seized (methamphetamine)
was less than one gram.
Additionally, there was “uncontradicted” testimony


 that:
 
∙Appellant’s purpose for being in the garage was to check on Kelly’s
welfare; 
∙Appellant had been at the Shackelford residence for approximately 15
minutes during which time he was in and out of the garage and was
planning on leaving to go purchase a soft drink; and
∙Appellant and Kelly made statements questioning the officers’
authority to be present in the garage.



 
          “Uncontradicted testimony”” is a concept totally different from “undisputed facts.” 
Evans, 202 S.W.3d at 164. Merely because testimony is uncontradicted does not mean
that its opponent, in this case the State, has assumed or admitted the truth of that fact, or
that it concerns a physical fact that cannot be denied. A jury is entitled to determine which
uncontradicted facts it chooses to believe and what inferences it chooses to draw from
those facts, but it is not required to do either. Id. at 165. Considering the conflicting
evidence, and giving appropriate deference to the jury’s verdict and its right to believe or
disbelieve that evidence, we cannot say that the jury’s verdict is “against the great weight
and preponderance of the evidence.” 
 

Evidence Supporting Verdict Too Weak
          Appellant also contends the evidence was factually insufficient because the
evidence supporting the verdict was just too weak. In support of this argument, he
contends the verdict is “manifestly unjust, shocks the conscience, or clearly demonstrates
bias,” because other common links


 are absent, and because other evidence tended to
establish his innocence. In essence, Appellant contends that mere presence, proximity,
and plain view are insufficient to support a finding of guilt. 
          As the Court of Criminal Appeal recognized in Evans, the absence of other potential
links is a “weight of the evidence” determination, 202 S.W.3d at 164, and the absence of
additional links does not diminish the significance of links that do exist. Furthermore,
evidence that Kelly possessed the drugs does not lead to the exclusive “undisputable”
inference that Appellant did not have joint possession of the same drugs. Likewise,
evidence that Appellant had an innocuous purpose for being there does not mutually
exclude the possibility that he also had a nefarious purpose for being there. Where
undisputed evidence allows for more than one logical inference, the factfinder’s choice
between them cannot be erroneous. Evans, 202 S.W.3d at 163.     
          Because the drugs were open, obvious, and in close proximity to Appellant, a
rational juror could have found that he had knowledge of the drugs. Furthermore, based
on the fact that there were multiple baggies of the controlled substance in plain view and
steps were being taken to prepare the substance for immediate consumption, it could
reasonably be inferred that both Kelly and Appellant were intending to use the drugs. 
These inferences alone were sufficient to allow a rational juror to find beyond a reasonable
doubt that Appellant was exercising care, custody, or control over the drugs at the time
Officer Sheffield arrived. 
          Applying the standards of review as set forth by Clewis and its progeny, we have
carried out the judicially-imposed requirements for safeguarding a defendant’s right to trial
by jury, while giving appropriate deference to the jury’s verdict and an examination of all
the evidence, in order to prevent a manifest injustice. See Lancon v. State, 253 S.W.3d
699, 704 (Tex.Crim.App. 2008). Upon doing so, we cannot say that the verdict was
manifestly unjust, that it shocks the conscience, or that it clearly demonstrates bias. Issue
two is overruled.
                                                            Conclusion
          Accordingly, the trial court’s judgment is affirmed.
                                                                           Patrick A. Pirtle

                                                                                 Justice



Publish.