**Opinion filed August 12, 2010**



In The

# Eleventh Court of Appeals

—————

## No. 11-09-00057-CR

—————

## NORMAN EUGENE LAMKIN, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CR13062**

### M E M O R A N D U M   O P I N I O N

The jury convicted Norman Eugene Lamkin of possession of four or more grams but less than 200 grams of methadone. After finding both enhancement allegations to be true, the jury assessed punishment at confinement for forty years. We affirm.

Appellant presents two issues challenging the trial court's admission of evidence relating to trace quantities of controlled substances that were found in appellant's car during the same search in which the methadone was found. In these issues, appellant specifically argues that the trace evidence was inadmissible under TEX. R. EVID. 402, 403, and 404(b) because it was not relevant, was overly prejudicial, and merely showed character conformity. A trial court has broad discretion in ruling on the admissibility of evidence, and we will not disturb the trial

court's ruling as long as it was within the zone of reasonable disagreement. *Salazar v. State*, 38 S.W.3d 141, 151 (Tex. Crim. App. 2001).

The record shows that appellant was stopped for a traffic violation and consented to a search of his car. Trooper Vernon Wayne Gaines first searched the area in the car between the seat and the center console because he had seen appellant taking something out of his pocket and secreting it in that location. There, he found a small, clear plastic baggie with white residue in it. Trooper Gaines then searched the glove box where he found three wafer pills of methadone in a pill bottle and a small, digital pocket scale commonly used to weigh drugs. The scale was covered with a white powdery residue. Lab tests revealed that the baggie contained a trace amount of methamphetamine and that the residue on the scale contained a trace amount of methamphetamine and cocaine. Appellant was charged with possessing the methadone in the pill bottle, not the trace amounts of cocaine and methamphetamine found in the baggie and on the scale.

The three wafer pills contained methadone and weighed 5.14 grams. The prescription label on the pill bottle indicated that the "Methadose" had been prescribed for Michelle Nieman. Nieman was not a passenger in the car at the time of the traffic stop. According to both appellant and Nieman, the bottle belonged to Nieman and had inadvertently been left in appellant's car by Nieman a few days before appellant was stopped by Trooper Gaines. While Nieman was in the car, the contents of her purse, which included the pill bottle, spilled onto the floorboard. Nieman explained that she must have missed the bottle when putting her stuff back into her purse. Appellant told Trooper Gaines that he knew Nieman's pill bottle was in his car, that she must have forgotten it, and that he was going to give the bottle back to her.

The trial court held a hearing outside the jury's presence to determine the admissibility of the extraneous offenses of appellant's possession of trace amounts of methamphetamine and cocaine from the baggie and the scale. The State argued that, in light of appellant's excuse for the pill bottle being in his car and Nieman's support of that explanation, the presence of other contraband in appellant's car was admissible to affirmatively link appellant to the methadone. The trial court ruled, however, that the extraneous offense evidence was admissible as "same transaction contextual evidence" and "res gestae of the finding of the possession" because it was interconnected with the commission of the alleged offense. The trial court found that the admission of the extraneous offense evidence was "necessary" for the jury to understand the charged offense and that it would aid "in establishing the context of the defendant's action."

First, we must address the question of relevancy. Appellant contends that the extraneous offense evidence was not relevant because the trace amount of contraband recovered would not support a finding that he knowingly possessed that contraband. We disagree. The possession of even a trace amount of contraband may support a finding of knowing or intentional possession when other evidence establishes that the defendant knew the substance possessed was contraband. *See King v. State*, 895 S.W.2d 701, 702-04 (Tex. Crim. App. 1995); *Muckleroy v. State*, 206 S.W.3d 746 (Tex. App.—Texarkana 2006, pet. ref'd). In this case, the extraneous contraband was visible in the baggie and on the scale, and the baggie was found in the location where the trooper had seen appellant secret something. Under the circumstances in this case, the trial court's determination that the extraneous offense evidence was relevant was within the zone of reasonable disagreement. *See Rogers v. State*, 853 S.W.2d 29, 32-33 (Tex. Crim. App. 1993) (possession of one type of controlled substance could arguably make it more probable that the defendant would also be inclined to possess another type of illegal substance).

Next, we must address the question of whether the extraneous offense evidence was admissible as an exception under Rule 404(b). Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show he acted in conformity therewith but that such evidence may be admissible for other purposes.

We agree with appellant that the evidence was not admissible as same transaction contextual evidence pursuant to *Rogers*. The court in *Rogers* held that same transaction contextual evidence is admissible as an exception under Rule 404(b) "where such evidence is *necessary* to the jury's understanding of the instant offense." *Id.* at 33. In discussing such necessity, the court stated, "Only if the facts and circumstances of the instant offense would make little or no sense without also bringing in the same transaction contextual evidence, should the same transaction contextual evidence be admitted." *Id.* The *Rogers* court determined that evidence of the defendant's possession of marihuana at the time of his arrest for possession of methamphetamine and burglary was not admissible as same transaction contextual evidence under Rule 404(b). *Id.* at 34. As in *Rogers*, it would not have been impracticable to avoid describing the recovery of the extraneous drugs; the State could simply have described appellant's arrest for possession of methadone without mentioning the methamphetamine or cocaine. *See id.* Trooper Gaines could easily have avoided describing the recovery of the methamphetamine and cocaine found during his consensual search of appellant's car. Thus, we

cannot agree that the extraneous offense evidence was admissible as res gestae of the instant offense or same transaction contextual evidence.

Although we cannot uphold the trial court's ruling for the reasons given by the trial court, we will not reverse the trial court's ruling if the evidence is admissible for another reason. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009); *Sewell v. State*, 629 S.W.2d 42, 45 (Tex. Crim. App. 1982). In this case, the evidence was admissible for the reasons proffered by the State at trial and on appeal. The record from the hearing shows that the State contended that the extraneous offense evidence was admissible to "establish affirmative links" between appellant and the methadone and to refute appellant's defense that his possession of the pill bottle was merely inadvertent. The State also makes these assertions on appeal.

To prove unlawful possession of a controlled substance, the State must prove that the accused exercised care, custody, control, or management over the substance and that the accused knew the matter possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *Martin v. State*, 753 S.W.2d 384, 386 (Tex. Crim. App. 1988). The evidence must link the accused to the contraband and establish that the accused's connection with the drug was more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006); *Pollan v. State*, 612 S.W.2d 594 (Tex. Crim. App. 1981). Among the "links" that have been recognized to establish possession of contraband is "whether the defendant possessed other contraband or narcotics when arrested." *Evans*, 202 S.W.3d at 162 n.12. The extraneous offense evidence in this case constituted a recognized link to drug possession, had relevance apart from its tendency to prove character conformity, and was, thus, admissible under Rule 404(b).

Next, we must determine whether the trial court abused its discretion in performing its Rule 403 balancing test. Under Rule 403, a trial court must determine if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991). In making this determination, the trial court should consider:

> (1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable–a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;

> (2) the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way";

4

(3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and

(4) the force of the proponent's need for this evidence to prove a fact of consequence, i.e., does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.

*De La Paz*, 279 S.W.3d at 349 (citing *Wyatt v. State*, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000)).

Here, the extraneous offense evidence made a fact of consequence – that appellant knew the pill bottle contained contraband – more probable. Appellant's possession of the baggie containing methamphetamine and the scale dusted with methamphetamine and cocaine was necessary to prove scienter, an essential element of the State's case that could not be inferred from his knowing possession of a pill bottle that belonged to somebody else. *See Montgomery*, 810 S.W.2d at 392. Appellant's statement to Trooper Gaines proved only that appellant knew Nieman's pill bottle was in his car, not that he knew it contained contraband. The extraneous offense evidence had little potential to impress the jury in an irrational way. Since all of the contraband was discovered during the same search of appellant's car, little extra time was spent by the State to develop evidence of the extraneous offenses. Finally, the State's need for the extraneous offense evidence was great; the State needed to link appellant to the knowing possession of the methadone in the pill bottle by showing that appellant knowingly possessed other contraband at the time of his arrest. Accordingly, we cannot hold that the danger of *unfair* prejudice substantially outweighed the probative value of the extraneous offenses.

Because the trial court did not abuse its discretion in admitting the extraneous offense evidence, appellant's issues on appeal are overruled.

The judgment of the trial court is affirmed.

JIM R. WRIGHT

August 12, 2010                                                          CHIEF JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

5