Opinion filed August 12,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00057-CR 

                                                    __________

 

                           NORMAN
EUGENE LAMKIN, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 266th District Court

                                                            Erath
County, Texas

                                                   Trial
Court Cause No. CR13062

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted Norman Eugene Lamkin of possession of four or more grams but
less than 200 grams of methadone.  After finding both enhancement allegations
to be true, the jury assessed punishment at confinement for forty years.  We affirm. 


            Appellant
presents two issues challenging the trial court’s admission of evidence
relating to trace quantities of controlled substances that were found in
appellant’s car during the same search in which the methadone was found.  In
these issues, appellant specifically argues that the trace evidence was
inadmissible under Tex. R. Evid.
402, 403, and 404(b) because it was not relevant, was overly prejudicial, and
merely showed character conformity.  A trial court has broad discretion in
ruling on the admissibility of evidence, and we will not disturb the trial
court’s ruling as long as it was within the zone of reasonable disagreement.  Salazar
v. State, 38 S.W.3d 141, 151 (Tex. Crim. App. 2001).  

            The
record shows that appellant was stopped for a traffic violation and consented
to a search of his car.  Trooper Vernon Wayne Gaines first searched the area in
the car between the seat and the center console because he had seen appellant
taking something out of his pocket and secreting it in that location.  There, he
found a small, clear plastic baggie with white residue in it.  Trooper Gaines
then searched the glove box where he found three wafer pills of methadone in a pill
bottle and a small, digital pocket scale commonly used to weigh drugs.  The
scale was covered with a white powdery residue.  Lab tests revealed that the
baggie contained a trace amount of methamphetamine and that the residue on the
scale contained a trace amount of methamphetamine and cocaine.  Appellant was
charged with possessing the methadone in the pill bottle, not the trace amounts
of cocaine and methamphetamine found in the baggie and on the scale.  

The
three wafer pills contained methadone and weighed 5.14 grams.  The prescription
label on the pill bottle indicated that the “Methadose” had been prescribed for
Michelle Nieman.  Nieman was not a passenger in the car at the time of the
traffic stop.  According to both appellant and Nieman, the bottle belonged to
Nieman and had inadvertently been left in appellant’s car by Nieman a few days
before appellant was stopped by Trooper Gaines.  While Nieman was in the car, the
contents of her purse, which included the pill bottle, spilled onto the
floorboard.  Nieman explained that she must have missed the bottle when putting
her stuff back into her purse.  Appellant told Trooper Gaines that he knew
Nieman’s pill bottle was in his car, that she must have forgotten it, and that
he was going to give the bottle back to her.

The
trial court held a hearing outside the jury’s presence to determine the
admissibility of the extraneous offenses of appellant’s possession of trace
amounts of methamphetamine and cocaine from the baggie and the scale.  The
State argued that, in light of appellant’s excuse for the pill bottle being in
his car and Nieman’s support of that explanation, the presence of other
contraband in appellant’s car was admissible to affirmatively link appellant to
the methadone.  The trial court ruled, however, that the extraneous offense
evidence was admissible as “same transaction contextual evidence” and “res
gestae of the finding of the possession” because it was interconnected with the
commission of the alleged offense.  The trial court found that the admission of
the extraneous offense evidence was “necessary” for the jury to understand the
charged offense and that it would aid “in establishing the context of the
defendant’s action.”

First,
we must address the question of relevancy.  Appellant contends that the
extraneous offense evidence was not relevant because the trace amount of
contraband recovered would not support a finding that he knowingly possessed
that contraband.  We disagree.  The possession of even a trace amount of
contraband may support a finding of knowing or intentional possession when
other evidence establishes that the defendant knew the substance possessed was
contraband.  See King v. State, 895 S.W.2d 701, 702-04 (Tex. Crim. App. 1995);
Muckleroy v. State, 206 S.W.3d 746 (Tex. App.—Texarkana 2006, pet. ref’d). 
In this case, the extraneous contraband was visible in the baggie and on the
scale, and the baggie was found in the location where the trooper had seen
appellant secret something.  Under the circumstances in this case, the trial
court’s determination that the extraneous offense evidence was relevant was
within the zone of reasonable disagreement.  See Rogers v. State, 853
S.W.2d 29, 32-33 (Tex. Crim. App. 1993) (possession of one type of controlled
substance could arguably make it more probable that the defendant would also be
inclined to possess another type of illegal substance).  

Next,
we must address the question of whether the extraneous offense evidence was admissible
as an exception under Rule 404(b).  Rule 404(b) provides that evidence of other
crimes, wrongs, or acts is not admissible to prove the character of a person in
order to show he acted in conformity therewith but that such evidence may be
admissible for other purposes.  

We
agree with appellant that the evidence was not admissible as same transaction
contextual evidence pursuant to Rogers.  The court in Rogers held
that same transaction contextual evidence is admissible as an exception under
Rule 404(b) “where such evidence is necessary to the jury’s
understanding of the instant offense.”  Id. at 33.  In discussing such
necessity, the court stated, “Only if the facts and circumstances of the
instant offense would make little or no sense without also bringing in the same
transaction contextual evidence, should the same transaction contextual
evidence be admitted.”  Id.  The Rogers court determined that
evidence of the defendant’s possession of marihuana at the time of his arrest
for possession of methamphetamine and burglary was not admissible as same
transaction contextual evidence under Rule 404(b).  Id. at 34.  As in Rogers,
it would not have been impracticable to avoid describing the recovery of the extraneous
drugs; the State could simply have described appellant’s arrest for possession
of methadone without mentioning the methamphetamine or cocaine.  See id. 
Trooper Gaines could easily have avoided describing the recovery of the
methamphetamine and cocaine found during his consensual search of appellant’s
car.  Thus, we cannot agree that the extraneous offense evidence was admissible
as res gestae of the instant offense or same transaction contextual evidence.  

Although
we cannot uphold the trial court’s ruling for the reasons given by the trial
court, we will not reverse the trial court’s ruling if the evidence is
admissible for another reason.  De La Paz v. State, 279 S.W.3d 336, 344
(Tex. Crim. App. 2009); Sewell v. State, 629 S.W.2d 42, 45 (Tex. Crim.
App. 1982).  In this case, the evidence was admissible for the reasons
proffered by the State at trial and on appeal.  The record from the hearing
shows that the State contended that the extraneous offense evidence was
admissible to “establish affirmative links” between appellant and the methadone
and to refute appellant’s defense that his possession of the pill bottle was
merely inadvertent.  The State also makes these assertions on appeal.  

To
prove unlawful possession of a controlled substance, the State must prove that
the accused exercised care, custody, control, or management over the substance
and that the accused knew the matter possessed was contraband.  Poindexter
v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); Martin v. State,
753 S.W.2d 384, 386 (Tex. Crim. App. 1988).  The evidence must link the accused to the contraband and
establish that the accused’s connection with the drug was more than
fortuitous.  Evans v. State, 202 S.W.3d 158, 161-62 (Tex. Crim. App.
2006); Pollan v. State, 612 S.W.2d 594 (Tex. Crim. App. 1981).  Among
the “links” that have been recognized to establish possession of contraband is
“whether the defendant possessed other contraband or narcotics when arrested.” 
Evans, 202 S.W.3d at 162 n.12.  The extraneous offense evidence in this
case constituted a recognized link to drug possession, had relevance apart from
its tendency to prove character conformity, and was, thus, admissible under
Rule 404(b).

Next,
we must determine whether the trial court abused its discretion in performing
its Rule 403 balancing test.  Under Rule 403, a trial court must determine if
the probative value of the evidence is substantially outweighed by the danger
of unfair prejudice.  Montgomery v. State, 810 S.W.2d 372, 389 (Tex.
Crim. App. 1991).  In making this determination, the trial court should
consider:  

(1)
how compellingly the extraneous offense evidence serves to make a fact of
consequence more or less probable–a factor which is related to the strength of
the evidence presented by the proponent to show the defendant in fact committed
the extraneous offense;  

 

(2)
the potential the other offense evidence has to impress the jury “in some
irrational but nevertheless indelible way”;

 

(3)
the time the proponent will need to develop the evidence, during which the jury
will be distracted from consideration of the indicted offense; and

 

(4)
the force of the proponent’s need for this evidence to prove a fact of
consequence, i.e., does the proponent have other probative evidence available
to him to help establish this fact, and is this fact related to an issue in
dispute. 

 

De La Paz,
279 S.W.3d at 349 (citing Wyatt v. State, 23 S.W.3d 18, 26 (Tex. Crim.
App. 2000)).  

            Here,
the extraneous offense evidence made a fact of consequence – that appellant
knew the pill bottle contained contraband – more probable.  Appellant’s
possession of the baggie containing methamphetamine and the scale dusted with methamphetamine
and cocaine was necessary to prove scienter, an essential element of the
State’s case that could not be inferred from his knowing possession of a pill
bottle that belonged to somebody else.  See Montgomery, 810 S.W.2d at
392.  Appellant’s statement to Trooper Gaines proved only that appellant knew
Nieman’s pill bottle was in his car, not that he knew it contained contraband. 
The extraneous offense evidence had little potential to impress the jury in an
irrational way.  Since all of the contraband was discovered during the same
search of appellant’s car, little extra time was spent by the State to develop
evidence of the extraneous offenses.  Finally, the State’s need for the
extraneous offense evidence was great; the State needed to link appellant to
the knowing possession of the methadone in the pill bottle by showing that
appellant knowingly possessed other contraband at the time of his arrest.  Accordingly,
we cannot hold that the danger of unfair prejudice substantially
outweighed the probative value of the extraneous offenses. 

            Because
the trial court did not abuse its discretion in admitting the extraneous
offense evidence, appellant’s issues on appeal are overruled.  

            The
judgment of the trial court is affirmed.

 

                                                                                                JIM
R. WRIGHT

August 12, 2010                                                                     CHIEF
JUSTICE

Do not publish. 
See Tex. R. App. P.
47.2(b). 

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.