

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00062-CR

_____

FREDERICK WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 42109-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# M E M O R A N D U M   O P I N I O N

Frederick Williams was convicted of possession of less than one gram of cocaine, sentenced to two years' confinement, and ordered to pay a $5,000.00 fine. Williams appeals, claiming the evidence is legally insufficient to support his conviction. Finding the evidence sufficient to support the conviction, we affirm.

## I.    Standard of Review

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

## II.    Background

On the night of December 29, 2011, Officer Michael Bailey of the Longview Police Department was on patrol when he was dispatched to an area on Elderville Road regarding a robbery. After receiving this dispatch, Bailey spotted Williams, who apparently matched the

description of the robbery suspects, in the vicinity of the robbery.[1]  Bailey stopped and asked Williams to talk with him.  Although Williams replied, "Yes, sir," he then turned and ran from Bailey.  Williams fled through a grassy area, a parking lot, around a doughnut café, and back towards the road.  As Williams ran around the back of the doughnut café, with Bailey giving chase on foot, Bailey saw Williams, who was approximately ten-to-twenty feet in front of him, throw what appeared to Bailey to be a white object into the bushes.  Ambient lighting in the area was sufficient for Bailey to visualize this event.  Bailey apprehended Williams between the doughnut café and Elderville Road.

After apprehending Williams, Bailey returned to the area where he saw Williams discard the white object.  There he found a Newport cigarette box with a white top lying on the ground.  The bottom portion of the cigarette box was dark green.  The cigarette box contained a razor blade and two plastic baggies, which contained crack cocaine.[2]  The night was cold and there was dew on the ground.  When Bailey retrieved the cigarette box from the ground, however, the box was dry.  Bailey described other trash on the ground (some of which was also white) next to the cigarette box; these items were covered in dew, as was the grass.  The only item not covered in dew was the cigarette box.  Although the cigarette box and its contents were submitted to the laboratory for fingerprints, no prints were obtained.[3]

---

[1]It is undisputed that Williams had nothing to do with the robbery.

[2]Claybion Cloud, a forensic chemist with the Texas Department of Public Safety's crime laboratory in Tyler, analyzed the contents of the plastic baggies found inside the Newport cigarette box recovered from the scene by Bailey.  Based on his analysis, Cloud determined the substance to be .82 grams of crack cocaine.

[3]Chris Taylor, a physical evidence specialist with the Longview Police Department, explained that the surface of the razor blade was rusty, making it difficult to retain a latent print.  The plastic inside the cigarette box was wrinkled

## III. The Evidence is Legally Sufficient to Support the Conviction

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

Williams was guilty, as charged in the indictment, if he (1) knowingly or intentionally (2) possessed less than 1 gram (3) of cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010). "To prove unlawful possession of a controlled substance, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Williams contends that the evidence is insufficient to support findings that he had knowledge of the contraband and that he exercised control over it.

Where, as here, the controlled substance is not in the exclusive control of the defendant at the time when and in the place where it is found, the State must make a showing of links between the accused and the controlled substance. *Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006); *Muckleroy v. State*, 206 S.W.3d 746, 748 (Tex. App.—Texarkana 2006, pet. ref'd). "Mere presence at the location where drugs are found is thus insufficient, by itself, to establish

---

and folded, and, thus, not conducive to a fingerprint transfer. It is possible to handle or possess a cigarette package without leaving identifiable fingerprints. No fingerprints from any source were found on any of these items.

4

actual care, custody, or control of those drugs." *Evans*, 202 S.W.3d at 162.  However, presence or proximity, when combined with other direct or circumstantial evidence, may be sufficient to establish control, management, custody, or care beyond a reasonable doubt if the proof amounts to more than a strong suspicion or probability.  *Id.*; *Lassaint v. State*, 79 S.W.3d 736, 741 (Tex. App.—Corpus Christi 2002, no pet.).

Various factors have been recognized as contributing to an evaluation of whether an accused is linked to the contraband.  A nonexclusive list of factors that can be sufficient, either singly or in combination, to establish Williams' possession of the contraband  include:  (1) his presence when a search was conducted, (2) whether the contraband was in plain view, (3) his proximity to and the accessibility of the contraband, (4) whether he was under the influence of narcotics when arrested, (5) whether he possessed other contraband, narcotics, or paraphernalia when arrested, (6) whether he made incriminating statements when arrested, (7) whether he attempted to flee or made furtive gestures, (8) whether there was an odor of contraband, (9) whether he owned or had the right to possess the place where the drugs were found, (10) whether the place where the drugs were found was enclosed, (11) whether he was found with a large amount of cash, (12) whether his conduct indicated a consciousness of guilt, (13) the quantity of the contraband, and (14) whether he was observed in a suspicious area under suspicious circumstances.  *Evans*, 202 S.W.3d at 162 n.12; *Hargrove v. State*, 211 S.W.3d 379, 385–86 (Tex. App.—San Antonio 2006, pet. ref'd); *Muckleroy*, 206 S.W.3d at 748 n.4.[4]   This

---

[4]This has been termed the "affirmative links" rule. *Evans*, 202 S.W.3d at 161.  This rule "is not an independent test of legal sufficiency." *Id*. at 161 n.9.  Rather, the term is used "merely as a shorthand catch-phrase for a large variety of circumstantial evidence that may establish the knowing 'possession' or 'control, management, or care' of some item such as contraband." *Id.*

nonexclusive list is not a litmus test, and it is the logical force of all of the evidence that guides our determination. *Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Weighing heavily against Williams is the fact that he fled when Bailey asked to speak with him. While flight and/or mere presence at a scene where drugs are found, alone, are insufficient to support a guilty verdict, they are circumstances from which an inference of guilt can be drawn by a fact-finder. *Foster v.* State, 779 S.W.2d 845, 859 (Tex. Crim. App. 1989); *Hill v State*, 161 S.W.3d 771, 776 (Tex. App.—Beaumont 2005, no pet.). The jury could have determined that Williams' flight indicated a consciousness of guilt and that Williams knew he possessed illegal drugs. Moreover, Bailey saw Williams discard a white object in some bushes as Williams fled. After Williams was apprehended, Bailey walked straight to the area where he saw Williams discard the white object and found a Newport cigarette box containing cocaine. The cigarette box was found in plain view in close proximity to Williams' path during the chase, in the location where Bailey saw him discard a white object. While there was other trash (some of it white) lying on the ground in the area where the cigarette box was located, each of those items was covered in dew; the cigarette box was not. From this evidence, the jury could have determined that the cigarette box was the item Bailey saw Williams throw into the bushes while running from Bailey.

Viewing the evidence in the light most favorable to the verdict, we hold that the jury could have rationally found, beyond a reasonable doubt, that Williams knowingly possessed cocaine. Therefore, we find the evidence legally sufficient to support his conviction.

## IV. Modification of Judgment

The judgment erroneously reflects that Williams was convicted of possession of between one and four grams of cocaine and erroneously lists the statute under which he was convicted as Section 481.115(c) of the Texas Health and Safety Code.[5] Williams was indicted for, tried for, and convicted of violating Section 481.115(b) of the Texas Health and Safety Code by possessing less than one gram of cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). The indictment read to the jury alleged that Williams possessed less than one gram of cocaine. The evidence at trial reflected that the cocaine in the cigarette box weighed less than one gram. The jury was instructed that Williams was charged with possession of less than one gram of cocaine, Williams was found guilty of possessing less than one gram of cocaine, and Williams' sentence was within the sentencing range for a state jail felony.[6]

The Texas Rules of Appellate Procedure give this Court authority to modify judgments to correct errors and make the record speak the truth. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.); *see Gray v. State*, 628 S.W.2d 228, 233 (Tex. App.—Corpus Christi 1982, pet. ref'd). Therefore, we hereby modify the judgment to reflect Williams was convicted of possession of less than one gram of a controlled substance and that he was convicted under

---

[5]The judgment lists the degree of offense as a state jail felony. The statute listed is Section 481.115(c) of the Texas Health and Safety Code (possession of between one and four grams of cocaine, a third degree felony). TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010).

[6]During the punishment phase, the jury was reminded that Williams was found guilty of possession of less than one gram of cocaine, and their duty was to assess punishment from 180 days up to two years in a state jail facility, with a possible fine of up to $10,000.00. This punishment range is appropriate for a state jail felony, not a third degree felony. TEX. PENAL CODE ANN. § 12.34 (West 2011), § 12.35 (West Supp. 2012). Williams was sentenced to two years' confinement and ordered to pay a $5,000.00 fine.

Section 481.115(b) of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). We further modify the judgment to reflect the correct offense for which Williams was convicted as possession of less than one gram of a controlled substance.

**V.     Conclusion**

As modified, we affirm the judgment of the trial court.


Jack Carter
Justice


Date Submitted:     October 4, 2013
Date Decided:      October 18, 2013

Do Not Publish

8