912-15

No._____

_____

IN THE TEXAS COURT OF

CRIMINAL APPEALS

AT AUSTIN, TEXAS

_____

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 10 2015

Abel Acosta, Clerk

GARY VANN,

Petitioner,

v.

THE STATE OF TEXAS,

Respondent.

_____

PETITION FOR DISCRETIONARY REVIEW

FROM THE EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

No. 0813-00104-CR

APPEAL FROM

362 DISTRICT COURT

of DENTON COUNTY, TEXAS

(TC#F-2011-1477-D)

FILED IN
COURT OF CRIMINAL APPEALS

AUG 14 2015

Abel Acosta, Clerk

_____

PETITION FOR DISCRETIONARY REVIEW

_____

Respectfully submitted,

Gary Vann, #1879613
Wymme Unit
810 FM 2821
Huntsville, Texas 77349

## IDENTITIES OF PARTIES AND COUNSEL

**Petitioner:**

GARY VANN, #1879613

WYNNE UNIT

810 FM 2821

HUNTSVILLE, TEXAS 77349

**Trial Counsel:**

MR. DOMINICK MARSALA

SBOT No. 24054063

1417 E. McKINNEY STREET

SIUTE 110

DENTON, TEXAS 76209

**Co-Counsel/Counsel on Appeal:**

MR. DAVID WACKER

SBOT No. 20625600

P.O. BOX 1142

DENTON, TEXAS 76202-1142

**Respondent:**

PAUL JOHNSON/DENTON COUNTY DISTRICT ATTORNEY

And CHARLES ORBISON/APPELLATE COUNSEL FOR THE

STATE OF TEXAS

1450 E. McKINNEY STREET

SUITE 3100

DENTON, TEXAS 76209

LINDSEY SHEGUIT, SBOT No. 24059464

RICK DANIEL, SBOT No. 00787324

(Assistant Criminal District Attorneys)

**Trial Judge:**

HON. SHERRY SHIPMAN

362ND DISTRICT COURT

DENTON COUNTY, TEXAS

TABLE OF CONTENTS

SECTION:                                                              PAGE

Identities of Parties and Counsel................................... i

Table of Contents.................................................. ii

Table of Authorities Cited........................................ iii

Petition For Discretionary Review.................................. 1

Preliminary Statement.............................................. 1

Procedural Statement............................................... 2

Statement of Facts................................................. 2

GROUND ONE FOR REVIEW:

The evidence was in-sufficient to prove guilty beyond a reasonable doubt based on a hypothetically correct jury charge and the decision should be reversed.

GROUND TWO FOR REVIEW:

Court of Appeal, El Paso's determination that it was probable cause was void of any knowledge that the confidential informant's basic of knowledge was sufficient, and the numbers that the Court used to deter mine reliability and credibility were based on later acquired facts; the statements of Officer Newkirk were mere opinions that didn't allege unusual activity or that a crime had been committed. This ruling was in total variance of this and other Court of Appeals.

GROUND THREE FOR REVIEW:

The El Paso Court of Appeal erred in determining that the Inventory Search wasn't controverted at trial. Petitioner's trial counsel presented direct and testimonial evidence that Petitioner requested that the vehicle be released to Ms. Riley; this presented a fact issue when State law requires that for an Inventory Search to be lawful, there must be a lawful arrest and lawful impoundment being there was no other alternative to impound.

GROUND FOUR FOR REVIEW:

The El Paso Court of Appeal erred in deeming that there was not evidence supporting Ms. Naylor's statement, or corroborating facts concerning Ms. Riley's statement or that Ms. Naylor was untrustworthy.

ii

# TABLE OF AUTHORITIES

AUTHORITIES:                                                                    PAGE

Dixon v. State, 206 S.W.3d 613............................................    4

Evans v. State, 202 S.W.3d at 161-162....................................    3

Gorman v. State, 634 S.W.2d 681..........................................  2-3

Humason v. State, 728 S.W.2d at 363-65...................................    3

Jackson v. Virginia,443 U.S.307,319,99 S.Ct.2781 61L.Ed.(1979)...       3

Menchaca v. State, 901 S.W.2d 652........................................    3

Neese v. State, 930 S.W.2d 742...........................................    4

Ray v. State, 178 S.W.3d 836.............................................    6

State v. Denison, 607 N.W.2d 796(Minn.Ct.App. 2002).............    6

Stull v. State, 772 S.W.2d 451...........................................    5

Villarreal v. State, 286 S.W.3d 321......................................    3

Villarreal v. State, 865 S.W.2d 501......................................    4


PENAL CODE:                                                                     PAGE

V.T.C.A. Penal Code 6.01(B)..............................................    3


TEXAS CODE OF PROFESSIONAL RESPONSIBILITY:

DR7-101(B)

DR7-102(B)

No._____

z_____

IN THE TEXAS COURT OF

CRIMINAL APPEALS

AT AUSTIN, TEXAS

_____

GARY VANN,
                    Petitioner,

Vs.

THE STATE OF TEXAS,
                    Respondent.

PETITION FOR DISCRETIONARY REVIEW

FROM THE EIGHTH COURT OF APPEAL

EL PASO, TEXAS

No.08-13-00104-CR

PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGES OF THE TEXAS COURT OF CRIMINAL APPEALS:

COMES NOW, I, Gary Vann, petitioner, pro se, herein, and make and file this, his pro se Petition For Discretionary Review and would show the following:

## PRELIMINARY STATEMENT

This Court of Criminal Appeals under Art. 5 subsection 5 of the Texas Constitution has final appellate jurisdiction coexistive with the State; further Rule 68 of Texas Rules of Appellate Procedure invoke the jurisdiction of this Court.

Petitioner seeks redress of Procedure violations that vary with this Court of Criminal Appeals and the Constitution of The United States of

1.

America.

## INVOKING RULE 2

Petitioner humbly request under Rule 2 of the Rules of Appellate Procedure that this Court of Criminal Appeals wave the Rules that his Petition For Discretionary Review doesn't conform to.

Pursuant to Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed. 2d 652(1972) (per curiam) pro se pleadings are to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.

## PROCEDURAL STATEMENT

Petitioner, over objection was found guilty of the lesser included offense of the charge by indictment; Possession With Intent To Deliver in the 362nd District Court of Denton, Texas, Judge Sherry Shipman presiding. Petitioner filed Notice of Appeal to the Court of Appeal, 2nd District, Fort Worth, Texas; that Court transferred Petitioner's Appeal to the Court of Appeal, Eighth District, El Paso, Texas, the El Paso Court affirmed June 17, 2015.

This Pro Se Petition For Discretionary Review is hereby taken.

## STATEMENTS OF FACTS

On March eighth, 2011, Officer Kendall Leonard received a call from a confidential informant alleging that it "was possible" drugs would be found under the gas cap of the truck driven by petitioner (RR3:187); (officer Leonard Didn't file an affidavit or make report concerning the matter). Officer Leonard, an officer with the Flower Mound Police Department claiming jurisdiction issues called officer Steven Newkirk of the lewisville Police Department, and these heresay statements resulted in petitioner's arrest for Driving With Suspended License by petitioner produced charges of Manufacturing and Delivery of Controlled Substances. The Grand Jury of Denton County, Texas indicted petitioner for Possession With Intent To Deliver A Controlled Substance, to wit: cocaine.

Petitioner was found guilty of the lesser included offense and appealed.

GROUND ONE:

The evidence was insufficient to prove that petitioner voluntarily possessed the contraband found under the cap of the truck. (Gorman v.

2.

State, 634 S.W. 2d 681).

In receiving the sufficiency of the evidence, (Jackson v. Virginia 443 U.S. 307, 319, 99 S.Ct. 2781, 61L. Ed.560(1979), to determine whether the State proved the elements of the offense beyond a reasonable doubt, the sufficiency of the evidence is measured by a hypothetically correct jury charge. Villarreal v. State, 286 S.W. 3d 321 (Tex.Crim. App.2009).

Petitioner requested at trial that the language of the V.T.C.A. Penal Code 6.01(b), be charged to the jury; the State Attorney agreed and the Trial Judge granted this request. (RR3:203). This language required the State to prove that petitioner had knowledge of the where-a-bouts of the contraband; concurring opinion by Judge Clinton, Humason v. State, 728 S.W. 2d 363 (1987). The Penal Code doesn't place any additional burden on the State to prove the charged offense, but rather on the defendant to prove his lack of knowledge. Petitioner's defense at trial that someone other than than the defendant put the drugs under the gas cap was supported by the evidence at trial and the affirmative links that the El Paso Court of Appeal ruled linked petitioner to the drugs. 1.)Money; the direct and testimonial evidence at trial linked Ms. Riley to the contraband; she claimed the money was hers, (See video evidence. The State Attorney further distanced petitioner from the money and linked Ms. Riley in its closing statements. (RR4:38. 2.) Driver of the vehicle; Officer Steven Newkirk testified that around 3-3:30 PM, he received a call that drugs would possibly be found under the gas cap of the truck in question. Ms. Riley, on video stated she had just picked up her son from school which lets out at 3 or 3:30. (See tape). She stated petitioner was at her apartment during this time and that she had used the truck to run errands that day. Officer Newkirk testified he never saw petitioner put anything under the gas cap. During the time in question, Ms. Riley was the only one unobserved alone in the truck. 3.)The contraband found under the hood admitted over objection was never linked to the cocaine and if so, Officer Newkirk's testimony links Ms. Riley as well. (RR3:13319-20) and (RR3:140: 23-25). Mere presence in the same place as the controlled substance alone is not sufficient to justify a finding of possession. Evans v. State, 202 S.W.3d at 161-162. Reliance should not be placed solely upon control of the vehicle to show knowledge. (Menchaca, 901 S.W.2d at 652. Officer Newkirk testified that ther was no other evidence other

3.

than petitioner being the driver of the truck. (RR3:150:15-21). 4.) Officer Newkirk stated these drugs were not in immediate reach of petitioner. 5.) There was no testimony that petitioner tried to flee. 6.) No furtive gestures. 7.) Conflicting statements about relevant matters; in fact when asked by Officer Showalther for petitioner's license, petitioner told him that they were suspended. 8.) Petitioner was not in a suspicious area. 9.) Petitioner had no special connection to the contraband. 10.)Petitioner didn't make any incriminating statements. 11.) Petitioner didn't indicate any consciousness of guilty. 12) Petitioner's physical condition did not indicate recent consumption of narcotics. 13.) Contraband was not in plain view.

There was no evidence that exclusively linked petitioner to the contraband. Villarreal v. State, 865 S.W. 2d 501 (Tex.App.Corpus Christi 1993). The evidence must establish affirmative links beyond mere presence between the accused and the controlled substance. Humason v. Stae, 728 S.W.2d at 365.

The evidence did not prove beyond a reasonable doubt that petitioner possessed the contraband and the lower court should be reversed.

GROUND TWO:

The El Paso Court of Appeal determined there was probably cause under the automotive exception to the Fourth Amend. of the United States Constitution for the Search by Officer Bradley Showalther of the Lewisville Texas Police Department.

Petitioner will show that the lack of knowledge of the confidential informant's heresay statemnt that didn't offer underlying circumstances for basic of knowledge insufficient to prove probable cause. Neese v. State, 930 S.W.2d 742 TX.App. Beaumont 1996).

The El Paso Court used Officer Leonard's testimony that he used the confidential informant 4 or 5 times was plain error in proving credibility when trial records show (RR3:67) when the issue of credibility was made an issue, this officer claimed the informant had worked ((two) cases prior to the petitioner's arrest. Probable cause is based on facts known at the time of search or arrest. Dixon v. State, 206 S.W.3d 613

4.

This Court of Criminal Appeals has ruled that a statement saying that an informant has never been convicted of a felony is sufficient but one or two times doesn't prove credibility; Officer Leonard could not show any fact that the informant hadn't put the drugs under the gas cap. (RR3:68). The hearsay testimony shouldn't have been in the record, but its surely not probable cause.

The El Paso Court further offered Officer Newkirk's opinion as a factor in determining probable cause. That the Court took Officer Newkirk's testimony out of content in their ruling. This officer stated that petitioner and a female exited an apartment, went to the hood of the truck in question, then went to the back of the truck, went back to the hood and "appear" to be placing something inside.(RR3:57: 23-24). In his opinion, I wasn't working on the truck (RR3:58:6$.

This Court of Criminal Appeals ruled in Stull v. State, 772 S.W.2d 451, and that line of cases that an officer's hunches, suspicion, or good faith perception wasn't good or sufficient to constitute probable cause. Petitioner set out that the information known to the officer at the time of the search wasn't sufficient to constitute probable cause and the ruling of the El Paso Court of Appeal should be reversed.

GROUND THREE:

Trial counsel requested that the jury be instructed that the evidence be suppressed because it was obtained through an invalid inventory search. The Court of Appeal of El Paso erred when it ruled there was probable cause under the automobile exception, therefore an Article 38.23 CCP wasn't warranted and that trial counsel hadn't controverted the issue. Trial counsel's questioning of Officer Bradley Showalther presented an issue when he asked why Officer Showalther didn't release

5.

the truck to Ms. Riley as requested by Petitioner. Petitioner asks that the Court of Criminal Appeals reverse the El Paso Court and ORDER A NEW TRIAL.

GROUND FOUR:

The Court of Appeals concluded that the trial court erred by exclUding the evidence because it violated the petitioner's right to present his "alternative perpetrator" defense. Alonzo v. State, 67 S.W.3d at 361-62. Petitioner's position is that the El Paso Court did not factor that petitioner did not testify in his defense and the exclusion of Ms. Naylor's testimony precluded altogether the presentation of the defensive theory. Ray v. State, 178 S.W.3d 836, (Footnote 1). And if the Appellate Court could not say beyond a reasonable doubt that the jury would have found petitioner guilty even with the excluded evidence, error was shown. State v. Denison, 607 N.W.2d 796 (Minn.Ct.App. 2000).

The El Paso Court concluded Ms. Naylor was not trustworthy; Ms. Naylor, a licensed member of the Legal Bar has never been disciplined by that Bar; Texas Code of Professional Responsibility DR 7-101(B), DR 7-102(B) for violation of her OATH, and to deem her untrustworthy is a stretch. Ray v. State, 178 S.W.3d at 839. Ms Riley's attorney testified that a phone conversation had taken place. (RR3:223:23-24). Ms. Riley claimed that Ms. Naylor's statement was not accurate, but petitioner ask this Court, does the trial record and the video evidence count for anything? The video shows Ms. Riley's statements of her use of the truck thru-out the day and that she had just picked her son up from school; Officer Leonard's testimony concerning Ms. Riley points

6.

to her activity. And for the State's Attorney to claim they could not interview Ms. Riley is untrue. Ms. Riley was placed on three (3) eight year probations in January 2012; petitioner's attorney informed the trial court and the District Attorney's Office of Ms. Riley's involvement in May 2012 thru the time Ms. Riley was on probation and under the jurisdiction of the Denton County Courts through their probation dept. and as such they could have had Ms. Riley ordered to give a statement as such at any time. Petitioner should not be punished for their delay. Ms. Naylor's statement would not have confused the jury and would support other facts that were made known.

The Court's exclusion of this evidence harmed petitioner and should be reversed and a new trial ordered.

## CONCLUSION

As caretakers of the law, I, Gary Vann, petitioner herein, ask this Court to review all the evidence and apply the law to the facts and agree that a New Trial@ should be ordered.

## PRAYER

I, Gary Vann, petitioner herein ask the Honorable Court to draw guidance from PSALM 82, and grant this his Petition For Discretionary Review in all things asked.

Respectfully submitted,

Gary Vann

## UNSWORN DECLARARTION

I, Gary Vann, petitioner herein, being born May 7, 1955 in Dallas

7.

County, Texas do hereby swear that I am a prisoner housed at the Wynne Unit, 810 FM 2821, Huntsville, Texas 77349, do hereby swear that every thing herein is true and correct to the best of my knowledge under penalty of perjury.

Respectfully submitted,

*Gary Vann*

Gary Vann

## CERTIFICATE OF SERVICE

I, Gary Vann, do hereby certify that I have served a true and correct copy of the above and foregoing Pro Se Petition For Discretionary Review upon the Denton County District Attorney's Office at 1450 East McKinney Street, Suite 3100, Denton, Texas 76209 on this date, August ____, 2015.

Respectfullt submitted,

*Gary Vann*

Gary Vann, #1879613
Wynne Unit
810 FM 2821
Huntsville, Texas   77349

8.



| | | |
|---|---|---|
| GARY VANN, | § | No. 08-13-00104-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 362nd District Court |
| | § | |
| THE STATE OF TEXAS, | | of Denton County, Texas |
| | § | |
| Appellee. | | (TC # F-2011-1477-D) |
| | § | |

## OPINION

Gary Vann appeals his conviction of possession of more than one gram but less than four grams of cocaine, enhanced by two prior felony convictions. Appellant was charged with possession of cocaine with intent to deliver but the jury found him guilty of the lesser-included offense of possession of cocaine. The jury found both enhancement paragraphs true and assessed Appellant's punishment at imprisonment for forty-five years. We affirm.

### FACTUAL SUMMARY

Kendall Leonard is a detective with the Flower Mound Police Department and he works in the Primary Response Unit which is responsible for narcotics and vice crime-related offenses. He received a tip from a reliable confidential informant that Appellant was at the Wellington Park Apartments in Lewisville but he would be leaving and would have drugs in the gas-filler area of his pickup truck. Leonard did not have jurisdiction in Lewisville so he forwarded the

information to two Lewisville police officers assigned to the Narcotics Division, Steven Newkirk and Duke Lee.

Newkirk determined that Appellant's driver's license was suspended and he had outstanding warrants from Dallas County. Newkirk decided to investigate further by conducting surveillance on the apartment complex and on Appellant's pickup truck. Before leaving the police department, Newkirk briefed Officer Bradley Showalter on the situation and asked him to go to the apartment complex area in a marked patrol unit in the event it became necessary to make a traffic stop on Appellant. Bradley drove to the area and waited outside of the apartment complex. Newkirk and Lee, who were dressed in plain clothes, arrived at the complex and began conducting surveillance on the pickup truck and the apartment. Within fifteen or twenty minutes, Appellant and a woman exited the apartment and walked over to the truck. Appellant opened the hood of the truck and appeared to place something inside of the engine compartment. He closed the hood, got in the vehicle, and drove away from the apartment complex. Newkirk and Lee followed Appellant and they stayed in radio contact with Showalter by radio until he stopped Appellant's vehicle.

After stopping the vehicle, Showalter confirmed through dispatch that Appellant's license was suspended and he had outstanding warrants. Appellant was the only adult in the vehicle.[1] Showalter placed Appellant under arrest for driving with a suspended license and pursuant to the warrants. A woman arrived at the scene and asked for the vehicle to be released to her but Showalter refused because he believed that it contained contraband. Officers subsequently searched the vehicle and found a Mason jar containing three small baggies of marihuana in the

---

[1] A small child was in the vehicle with Appellant.

- 2 -

engine compartment. Additionally, they opened the gas filler door and found several baggies containing a total of 2.52 grams of cocaine, 3.24 grams of hydrocodone with acetaminophen (five pills), several white bars of alprazolam weighing a total of 14.62 grams, and two sertraline hydrochloride pills. Cocaine typically sells on the street for $200 to $600 per gram, and alprazolam and hydrocodone sells for $5 to $10 per pill.

## SUFFICIENCY OF THE EVIDENCE

In Point of Error One, Appellant challenges the sufficiency of the evidence to prove that he possessed the cocaine.

### *Standard of Review*

In reviewing the sufficiency of the evidence to determine whether the State proved the elements of the offense beyond a reasonable doubt, we apply the *Jackson v. Virginia* standard. *Brooks v. State*, 323 S.W.3d 893, 895-96 (Tex.Crim.App. 2010), *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under that standard, a reviewing court must consider all evidence in the light most favorable to the verdict and in doing so determine whether a rational justification exists for the jury's finding of guilt beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 894-95, *citing Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* TEX.CODE CRIM. PROC. ANN. art. 38.04 (West 1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex.Crim.App. 2014). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Dobbs*, 434 S.W.3d at 170. When reviewing sufficiency of the evidence, we are not permitted to reevaluate the weight and credibility of the evidence or

- 3 -

substitute our judgment for that of the factfinder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.Crim.App. 2010). Our task is to determine whether, based on the evidence and reasonable inferences drawn therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

In our review, we consider both direct and circumstantial evidence and all reasonable inferences that may be drawn from the evidence. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). The standard of review is the same for both direct and circumstantial evidence cases. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex.Crim.App. 2010); *Arzaga v. State*, 86 S.W.3d 767, 777 (Tex.App.--El Paso 2002, no pet.). Each fact need not point directly and independently to the guilt of the accused, so long as the cumulative force of all the evidence, when coupled with reasonable inferences to be drawn from that evidence, is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004); *Arzaga*, 86 S.W.3d at 777.

*Possession of a Controlled Substance*

The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex.Crim.App. 2009). To support a conviction for unlawful possession of a controlled substance, the State must prove: (1) that the defendant exercised care, custody, control, or management over the substance; and (2) that he knew the matter possessed was contraband.

- 4 -

TEX.HEALTH&SAFETY CODE ANN. § 481.115(a)(West 2010); *Evans v. State*, 202 S.W.3d 158, 161 (Tex.Crim.App. 2006); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005). "Possession" is defined as "actual care, custody, control, or management." TEX.HEALTH& SAFETY CODE ANN. § 481.002(38)(West Supp. 2014); TEX.PENAL CODE ANN. §1.07(a)(39)(West Supp. 2014).

The evidence may be direct or circumstantial, but it must establish "that the accused's connection with the [contraband] was more than just fortuitous." *Poindexter*, 153 S.W.3d at 406, *citing Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995). Mere presence in the same place as the controlled substance alone is not sufficient to justify a finding of possession. *Evans*, 202 S.W.3d at 161-62; *Harrison v. State*, 555 S.W.2d 736, 737 (Tex.Crim.App. 1977). However, when a defendant is exerting exclusive control over the vehicle, knowledge of the contents of the vehicle, including knowledge of the contraband may be inferred. *Menchaca v. State*, 901 S.W.2d 640, 652 (Tex.App.--El Paso 1995, pet. ref'd). Although knowledge may be inferred when the accused is the sole occupant of a vehicle, courts have cautioned that when contraband is found in a hidden compartment of a vehicle, reliance should not be placed solely upon control of the vehicle to show knowledge. *Menchaca*, 901 S.W.2d at 652. Instead, courts have often required a showing of additional factors or "affirmative links" indicating knowledge. *See Menchaca*, 901 S.W.2d at 652. The "affirmative links" rule protects the innocent bystander -- a relative, friend, or even a stranger to the actual possessor -- from conviction merely because of his fortuitous proximity to someone else's drugs. *Evans*, 202 S.W.3d at 161-62. Presence or proximity, when combined with other evidence, either direct or

- 5 -

circumstantial (e.g., "links"), may well be sufficient to establish that element beyond a reasonable doubt. *Id.* at 162.

In the context of a charge of possession of a controlled substance, the following list of nonexclusive links, either singly or in combination, have been found to be sufficient to uphold a conviction: (1) the contraband was in plain view or recovered from an enclosed space; (2) the accused either owned or had the right to possess the place where the drugs were found; (3) the accused was found with a large amount of cash; (4) the narcotic was in close proximity to the accused; (5) the narcotic was conveniently accessible to the accused; (6) a strong residual odor of the narcotic was present; (7) the accused possessed other contraband when arrested; (8) other contraband or drug paraphernalia was present; (9) the physical condition of the accused indicated recent consumption of narcotics when arrested; (10) the accused's conduct indicated a consciousness of guilt; (11) the accused tried to flee; (12) the accused made furtive gestures; (13) the accused had a special connection to the contraband; (14) the occupants of the premises gave conflicting statements about relevant matters; (15) the accused made incriminating statements when arrested; (16) the quantity of the contraband; and (17) the accused was observed in a suspicious area under suspicious circumstances. *Evans*, 202 S.W.3d at 162 n.12; *Muckleroy v. State*, 206 S.W.3d 746, 748 n. 4 (Tex.App.--Texarkana 2006, pet. ref'd). The legal issue with respect to these links is whether there was evidence of circumstances, in addition to mere presence, that would adequately justify the conclusion that the defendant knowingly possessed the substance. *Evans*, 202 S.W.3d at 162 n.9. It is the logical force of such links, rather than the quantity, that is important in determining whether the evidence is legally sufficient to connect the

- 6 -

accused to the contraband. *Evans*, 202 S.W.3d at 162; *Roberson v. State*, 80 S.W.3d 730, 735 (Tex.App.--Houston [1st Dist.] 2002, pet. ref'd).

*Application of Law to Facts*

Appellant argues that it is possible a confidential informant who lived in the same apartment complex placed the drugs behind the gas filler door in order to frame Appellant. Appellant presented this theory to the jury and the jury rejected it. The question on appeal is not whether the drugs could have belonged to someone else or could have been planted in the vehicle but whether there are sufficient affirmative links to connect Appellant to the cocaine found hidden behind the gas filler door of the truck.

Several affirmative links are present in this case. At the time Officer Bradley stopped the vehicle, Appellant was the driver and the only adult in the vehicle. As the driver, Appellant had access to the engine compartment and the gas filler area where the cocaine and other drugs were found. The pickup truck was not registered to Appellant but he exercised control over it before leaving the apartment complex by placing something inside of the engine compartment. The officers subsequently found a glass Mason jar containing marihuana inside of the engine compartment. This evidence is significant because it permits an inference that Appellant hid the marihuana inside of the engine compartment and it connects him to the cocaine and other drugs hidden behind the gas filler door. The State presented testimony that both of these areas are commonly used to hide drugs in vehicles. Finally, the evidence also showed that Appellant had $1,860 in cash on his person. The cocaine alone had a street value of $500 to $1,500. Appellant's possession of a large amount of cash, when combined with the drugs found hidden in

the vehicle, gives rise to an inference that he was involved in illegal narcotics activity and it serves as an additional connection to the cocaine.

We conclude that the direct and circumstantial evidence, when taken in the light most favorable to the verdict, showed that Appellant was not an innocent bystander and his proximity to the cocaine was not merely fortuitous. The evidence affirmatively linked Appellant to the cocaine hidden in the vehicle and it is legally sufficient to establish beyond a reasonable doubt that he exercised actual care, custody, control or management of the cocaine. *See Evans*, 202 S.W.3d at 165-66; *Menchaca*, 901 S.W.2d at 652. Issue One is overruled.

## MOTION TO SUPPRESS

In Point of Error Two, Appellant contends that the trial court erred by denying his motion to suppress the cocaine found behind the gas filler door because it was seized in violation of the Fourth Amendment without a warrant or exigent circumstances. The State responds that the warrantless search was reasonable under the automobile exception or as an inventory search.

### *Standard of Review*

At a suppression hearing, the trial judge is the sole and exclusive trier of fact and may choose to believe or disbelieve any or all of the evidence presented before it. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex.Crim.App. 2011); *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex.Crim.App. 2002). We review a ruling on a motion to suppress using a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex.Crim.App. 2010); *Guzman v. State*, 955 S.W.2d 85, 87-91 (Tex.Crim.App. 1997). Under this standard, the trial court's findings of historical fact must be afforded almost total deference provided they are supported by the record.

- 8 -

*Valtierra*, 310 S.W.3d at 447; *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007). We also defer to the court's determination of mixed questions of law and fact that turn on an assessment of a witness's credibility or demeanor. *Valtierra*, 310 S.W.3d at 447; *Amador*, 221 S.W.3d at 673. We will review *de novo* the trial court's determination of legal questions and its application of the law to facts that do not turn upon a determination of witness credibility and demeanor. *See Valtierra*, 310 S.W.3d at 447; *Amador*, 221 S.W.3d at 673.

### Automobile Exception

Whether a search is reasonable is a question of law that we review *de novo*. *Kothe v. State*, 152 S.W.3d 54, 62 (Tex.Crim.App. 2004). Reasonableness is measured by examining the totality of the circumstances. *Id.* at 63. A search conducted without a warrant is *per se* unreasonable subject to a few specifically defined and well-delineated exceptions. *McGee v. State*, 105 S.W.3d 609, 615 (Tex.Crim.App. 2003). One of those exceptions is the "automobile exception." *Neal v. State*, 256 S.W.3d 264, 282 (Tex.Crim.App. 2008). Under this exception, officers may conduct a warrantless search of a vehicle if it is readily mobile and there is probable cause to believe that it contains contraband. *Keehn v. State*, 279 S.W.3d 330, 335 (Tex.Crim.App. 2009). If the automobile exception applies, then the police may search "every part of the vehicle and its contents that may conceal the object of the search." *Neal*, 256 S.W.3d at 282, *quoting United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

Probable cause to search exists when there is a fair probability of finding inculpatory evidence at the location being searched. *Neal*, 256 S.W.3d at 282, *citing Wiede v. State*, 214 S.W.3d 17, 24 (Tex.Crim.App. 2007). When evaluating probable cause in a case involving

information obtained from informants, we apply the "totality of the circumstances" test set out in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). *Dixon v. State*, 206 S.W.3d 613, 616 (Tex.Crim.App. 2006). Under the *Gates* test, an informant's veracity, reliability, and basis of knowledge are highly relevant in determining the value of an informant's report, but they are not independent requirements. *See Dixon*, 206 S.W.3d at 616. They are instead relevant considerations in the totality-of-the-circumstances analysis that traditionally has guided probable-cause determinations. *Id.* Thus, a deficiency in one element may be compensated for by a strong showing as to the other. *Id.*

In a hearing held outside of the jury's presence, Detective Leonard testified that a confidential informant, "Brandy," had provided him with information four or five times prior to March 8, 2011. He found her to be reliable and credible and when she told him that "something is going to be there, it's there." On March 8, 2011, Brandy told Leonard that Appellant had cocaine in the gas-filler area of his pickup truck, he was at the Wellington Park Apartments in Lewisville, and he would be leaving those apartments. She provided Leonard with a description of Appellant and the pickup truck. Leonard conveyed all of this information to Officer Newkirk in Lewisville. Newkirk did a search on Appellant's driver's license and learned that it was suspended and he had outstanding warrants. Within minutes after obtaining this information, Officers Newkirk and Lee conducted surveillance on the apartment and the pickup truck and they watched Appellant place something in the engine compartment before driving out of the apartment complex. The officers were able to confirm that the confidential informant's descriptions of Appellant and the pickup truck were accurate and he left the apartment as she had

- 10 -

stated he would. Officers Newkirk and Lee conveyed all of the foregoing information to Officer Showalter who stopped Appellant for driving while his license was suspended. After Showalter stopped the vehicle, a woman approached him and asked if she could take the vehicle, but Showalter refused.

The evidence showed that Brandy had been reliable in the past. She gave detailed and verifiable information about Appellant, his truck, his location, the location of drugs in the truck, and that he would be leaving the apartment soon. *See Dixon*, 206 S.W.3d at 616. Officers Newkirk and Lee verified these details except for the actual presence of the cocaine behind the gas filler door. Thus, the evidence established that Brandy was credible and reliable. *See Dixon*, 206 S.W.3d at 616-17. Brandy's knowledge that Appellant would be leaving the apartment gives rises to an inference that she had obtained the information recently. *See Dixon*, 206 S.W.3d at 617. We find under the totality of the circumstances that Officers Newkirk, Lee, and Showalter had probable cause to believe that Appellant had cocaine hidden in his vehicle. *See id.* Further, it is undisputed that Appellant's pickup truck was readily mobile. Because the State established that the automobile exception applies in this case, the trial court did not err by denying the motion to suppress. Issue Two is overruled.

**CHARGE ERROR**

In Point of Error Three, Appellant argues that the trial court erred by failing to instruct the jury that evidence seized in an illegal inventory search should be disregarded. Officer Showalter testified before the jury that he assisted with the inventory search after Appellant was arrested. In a hearing conducted outside of the jury's presence, Showalter testified that it is

Lewisville Police Department's policy to impound vehicles when the operator is arrested and they inventory impounded vehicles. A defendant's right to the submission of jury instructions under Article 38.23(a)[2] is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible. *Madden v. State,* 242 S.W.3d 504, 509-10 (Tex.Crim.App. 2007). To be entitled to a jury instruction under Article 38.23(a), a defendant must show that: (1) the evidence heard by the jury raised an issue of fact; (2) the evidence on that fact was affirmatively contested; and (3) the contested factual issue is material to the lawfulness of the challenged conduct in obtaining the evidence. *Id.* at 510. In the absence of a genuine dispute about a material fact, the legality of the conduct is determined by the trial judge as a question of law. *Id.*

We have reviewed the entire record of the trial and have not found any disputed issue of material fact related to the inventory search. The jury did not hear any evidence raising an issue of fact related to the inventory search and Appellant did not affirmatively contest Showalter's testimony before the jury that he conducted an inventory search. Further, as set forth in our discussion of Issue Two, the warrantless search of the vehicle was not unreasonable because the automobile exception to the warrant requirement applies in this case. Thus, even if there was a disputed fact related to the inventory search, it is not material because other undisputed facts are sufficient to support the lawfulness of the warrantless search. *See Madden,* 242 S.W.3d at 510 ("And if other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the disputed fact issue is not submitted to the jury because it is not material to the ultimate admissibility of the evidence."). For these reasons, Appellant was not entitled to

---

[2] TEX.CODE CRIM.PROC.ANN. art. 38.23(a)(West 2005).

- 12 -

submission of an Article 38.23(a) instruction in the charge. Issue Three is overruled.

## EXCLUSION OF EVIDENCE

In Point of Error Four, Appellant complains the trial court abused its discretion by excluding the testimony of Holly Naylor who would have testified that Shonda Riley confessed ownership and possession of the drugs during a telephone call. The defense sought to introduce the testimony of Holly Naylor, an attorney who had worked for Appellant's trial counsel, Dominick Marsala, from April 2012 to August 2012. The trial court conducted a hearing outside of the jury's present to determine whether to admit Naylor's testimony. Marsala, in the presence of Appellant and Naylor, called Shonda Riley and talked to her about what happened on March 18, 2011. Naylor testified that Riley stated she borrowed Appellant's truck to take her child or children to school and she had put plastic baggies containing hydrocodone, Xanax, and cocaine under the gas cap of the truck. She returned the truck to Appellant later and did not tell him about the drugs hidden under the gas cap. Riley did not mention anything about marihuana or hydrochloride.

At the same hearing, the State introduced the testimony of Derek Adame, who is Riley's attorney on an unrelated case. Adame was aware of the Riley's telephone conversation with Marsala and he testified that Riley disputed the accuracy of the affidavits of Naylor and Marsala.[3] According to Adame, Riley did not claim responsibility for the drugs found in Appellant's truck. Further, Riley did not want to testify at Appellant's trial and she would exercise her Fifth Amendment right to remain silent. The trial court excluded Naylor's

---

[3] The clerk's record contains the affidavits of Naylor and Marsala filed on May 17, 2012. The affidavits describe Marsala's conversation with Riley.

- 13 -

testimony about the conversation because it is hearsay and the court further found the testimony to be untrustworthy.

*Standard of Review*

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex.Crim.App. 2010). An abuse of discretion occurs if the court's decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex.Crim.App. 2008). An evidentiary ruling must be upheld if it is reasonably supported by the record and correct on any theory of law applicable to the case. *Ramos v. State*, 245 S.W.3d 410, 418 (Tex.Crim.App. 2008).

*Right to Compel Attendance of Favorable Witnesses*

A defendant has a right under the Sixth Amendment to compel the attendance of witnesses in his favor. U.S.CONST. Amend. VI; *Williams v. State*, 273 S.W.3d 200, 232 (Tex.Crim.App. 2008). In some circumstances, the exclusion of a defendant's evidence can amount to a violation of his right to compel the attendance of witnesses in his favor. *Williams*, 273 S.W.3d at 232; *Ray v. State*, 178 S.W.3d 833, 835 (Tex.Crim.App. 2005). There are two circumstances in which the improper exclusion of evidence may establish a constitutional violation: (1) when a state evidentiary rule categorically and arbitrarily prohibits the defendant from offering relevant evidence that is vital to his defense; or (2) when a trial court erroneously excludes relevant evidence that is a vital portion of the case and the exclusion effectively precludes the defendant from presenting a defense. *Ray*, 178 S.W.3d at 835; *Potier v. State*, 68

S.W.3d 657, 659-62 (Tex.Crim.App. 2002). In the first scenario, the constitutional infirmity is the arbitrary rule of evidence itself. *Williams*, 273 S.W.3d at 232. In the second scenario, the rule itself is appropriate, but the trial court erroneously applies the rule to exclude admissible evidence to such an extent the defendant is prevented from presenting his defensive theory. *Id.* Appellant does not contend that the trial court erred by determining that Naylor's testimony about Riley's statements is hearsay. He instead argues that the hearsay rule operated in such a manner that it prevented him from presenting a favorable witness. Thus, Appellant's argument falls under the first scenario.

Appellant relies on the Waco Court of Appeals' decision in *Alonzo v. State*, 67 S.W.3d 346 (Tex.App.--Waco 2001, pet. dism'd). There, the court of appeals analyzed *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), *Webb v. Texas*, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972), *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), and *Rock v. Arkansas*, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987) and concluded that the right to present a defensive theory is constitutional and rules of evidence, particularly hearsay rules, "must be flexible and must sometimes bend to the due-process rights of the defendant." *Alonzo*, 67 S.W.3d at 359. Further, the court identified five factors that a court should consider when determining whether otherwise inadmissible hearsay should be admitted because of these due process concerns: (1) the inherent trustworthiness of the hearsay; (2) any corroborating evidence that the hearsay is truthful; (3) the hearsay's importance to the determination of guilt-innocence; (4) the State's opportunity to examine the declarant of the hearsay; and (5) the State's demonstration, if any, of the unreliability of the hearsay. *Id.* at 359-

- 15 -

In *Alonzo*, the trial court excluded a videotaped statement of a person who claimed to have been an eyewitness to the killing and said that someone other than the defendant had committed the crime. The court of appeals concluded that the trial court erred by excluding the evidence because it violated the defendant's right to present his "alternative perpetrator" defense. *Id.* at 361-62.

Naylor's testimony about Riley's statements was important to the determination of guilt-innocence, but there is also evidence that the hearsay evidence is untrustworthy and unreliable. The trial court noted that Naylor's testimony about Riley's hearsay statements was not trustworthy because Naylor was an interested witness in the sense that she was Marsala's former employee and she had been a member of the defense team. Further, Riley had discredited Naylor's affidavit and said she had not made the statements attributed to her. The record also reflects that the State did not have an opportunity to cross-examine Riley because she would not testify at trial and would exercise her Fifth Amendment right to remain silent. Finally, there is no evidence corroborating Riley's statements. Under these circumstances, we conclude that the trial court did not abuse its discretion by excluding the hearsay evidence. Issue Four is overruled. Having overruled each issue presented on appeal, we affirm the judgment of the trial court.

June 17, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, J., and Barajas, C.J., (Senior Judge)
(Barajas, C.J., Senior Judge, sitting by assignment)

(Do Not Publish)