Chad Everett PRICE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 10–01–00250–CR, 10–01–00251–CR, 10–01–00252–CR.

Court of Appeals of Texas, Waco.

June 2, 2004.

Rehearing Overruled July 20, 2004.

David Alan Disher, Houston, for appellant.

Michael J. Guarino, Galveston County Dist. Atty., Galveston, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## MEMORANDUM OPINION

FELIPE REYNA, Justice.

A jury convicted Chad Everett Price of aggravated kidnapping, aggravated sexual assault, and aggravated robbery. The jury assessed punishment at sixty years' imprisonment for the aggravated kidnap-

ping and aggravated robbery convictions and life imprisonment for the aggravated sexual assault conviction. Price contends in two points that: (1) the court erred by denying his motion to suppress; and (2) article 37.07, section 4(a) of the Code of Criminal Procedure is unconstitutional. We will affirm.

## MOTION TO SUPPRESS

Price contends in his first point that the court should have granted his motion to suppress twenty-two items of evidence offered in evidence at trial. Price's primary basis for challenging the seizure of these items is that the search warrants pursuant to which the items were seized were not supported by probable cause.

### PROCEDURE

■ Price's counsel affirmatively stated that he had "no objection" to the admission of ten of these twenty-two items as each of the ten was offered in evidence.[1] Thus, he has failed to preserve this issue for our review with respect to those ten items. *Moody v. State,* 827 S.W.2d 875, 889 (Tex. Crim.App.1992); *Robertson v. State,* 137 S.W.3d 807, 809 – 810 (Tex.App.-Waco 2004, no pet. h.); *Graham v. State,* 96 S.W.3d 658, 660 (Tex.App.-Texarkana 2003, pet. ref'd).

Price contends that the seizure of the challenged items should be treated as warrantless seizures because the search warrants were not admitted in evidence. At the suppression hearing, Price offered in

---

1. As State's Exhibits 13, 14, 18, 19, 23, 33, 43, 44, 65, and 66 were offered in evidence, Price's counsel affirmatively stated that he had "no objection" to their admission. The State contends that Price's counsel made a similar statement with respect to State's Exhibits 46 and 47. However, when those exhibits were being offered, the State proffered 15 exhibits which had been previously marked. The prosecutor stated his intention "to offer into evidence basically everything at this point that we have marked." Price's counsel responded that he had no objections except those previously raised with respect to the items seized pursuant to the search warrants. Accordingly, Price's counsel adequately preserved for our review the issue of whether State's Exhibits 46 and 47 were unlawfully seized.

evidence the search warrants and supporting affidavits at issue. The documents were marked as exhibits but were never formally admitted in evidence. Nevertheless, they have been included in a supplemental reporter's record on appeal.

If a defendant alleges that evidence has been seized in violation of the Fourth Amendment, the State must establish that the seizure was done pursuant to a warrant or, if without a warrant, that the seizure was reasonable. *Bishop v. State*, 85 S.W.3d 819, 822 (Tex.Crim.App.2002); *State v. Cantwell*, 85 S.W.3d 849, 852 (Tex. App.-Waco 2002, pet. ref'd). When the State relies on a warrant, the State must produce the warrant and its supporting affidavit to the trial court for inspection. *Moreno v. State*, 858 S.W.2d 453, 461 (Tex. Crim.App.1993); *De La O v. State*, 127 S.W.3d 799, 801 (Tex.App.-San Antonio 2003, pet. filed); *Cantwell*, 85 S.W.3d at 852. Once the State has done so, "it then becomes the responsibility of the defendant to see that [the warrant and affidavit] are in the record if they are to be reviewed on appeal." *Moreno*, 858 S.W.2d at 461.

Here, Price satisfied the State's burden of production in the suppression hearing by offering the warrants and supporting affidavits in evidence. Price's own responsibility to see that they have been included in the appellate record has likewise been fulfilled by their inclusion in the supplemental record.

## PROBABLE CAUSE

When an appellant contends that an affidavit does not establish probable cause for issuance of a search warrant, our review is limited to the information contained within the four corners of the affidavit. *Massey v. State*, 933 S.W.2d 141, 148 (Tex.Crim.App.1996); *Arrick v. State*, 107 S.W.3d 710, 715 (Tex.App.-Austin 2003, pet. ref'd); *Davis v. State*, 27 S.W.3d 664,

667 (Tex.App.-Waco 2000, pet. ref'd). An affidavit suffices if the facts therein "justify a conclusion that the property that is the object of the search *probably* is on the ... premises to be searched at the time the warrant issues." *Massey*, 933 S.W.2d at 148 (emphasis added) (quoting *Hass v. State*, 790 S.W.2d 609, 612 (Tex.Crim.App. 1990)); *accord Ill. v. Gates*, 462 U.S. 213, 235, 103 S.Ct. 2317, 2330, 76 L.Ed.2d 527 (1983); *Arrick*, 107 S.W.3d at 715; *Davis*, 27 S.W.3d at 667.

Price contends that the affidavits at issue did not establish probable cause to believe that the items sought would probably be found at one particular location because the State sought to search at four different locations simultaneously for the same items. Price challenges the adequacy of four affidavits (marked as Defendant's Exhibits 1 through 4) presented for issuance of search warrants for a residence in Texas City, a residence in La Marque, a mini-storage unit in Texas City, and an automobile in the driveway of the La Marque residence.

The return attached to the search warrant for the automobile states that no items were recovered when that warrant was executed. Accordingly, we limit our review to the search warrants and supporting affidavits for the two residences and the mini-storage unit.

The Austin Court of Appeals recently rejected an argument similar to that made by Price. *See Arrick*, 107 S.W.3d at 717–18; *cf. Massey*, 933 S.W.2d at 148–49 (allegations sufficient to justify conclusion that evidence of offense "probably was in appellant's car and/or residence"). In *Arrick*, the investigating officers requested warrants to search for the same particular items at two different residences and in an automobile. 107 S.W.3d at 716. The appellant contended "that the fact officers

applied for and obtained warrants to search three different places at the same time for these items demonstrates that they did not know where to find them." *Id.* at 717. The Austin Court rejected this contention in the following language, "Given appellant's ties to the two houses and to the automobile that we have previously discussed, we conclude that the issuing magistrates had a substantial basis for believing that the cross, the other pieces of the pistol, the clothing, and the jewelry might be found in any of these locations." *Id.* at 718.

We agree with this reasoning. Price's first point is overruled.

### ARTICLE 37.07, SECTION 4(a)

 Article 37.07, section 4(a) of the Code of Criminal Procedure requires a trial court to instruct the jury in the punishment charge regarding the application of parole law if the jury has convicted the defendant of a section 3g offense [2] or if the judgment contains a deadly weapon finding. In particular, this statute requires an instruction that "the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time." TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4(a) (Vernon Supp.2004). Under the pertinent parole law however, the Board of Pardons and Paroles cannot consider good conduct time in establishing the date on which Price is eligible for release on parole. TEX. GOV'T CODE ANN. § 508.145(d) (Vernon Supp.2004). Thus, Price contends in his second point that article 37.07, section 4(a) violates his right to due process because it requires a jury instruction regarding good conduct time even though the parole board cannot consider good conduct time when determining the date on which he is eligible for release on parole.

The Court of Criminal Appeals has thoroughly analyzed and rejected this argument. *See Luquis v. State,* 72 S.W.3d 355, 364–68 (Tex.Crim.App.2002). Accordingly, Price's second point is overruled.

We affirm the judgment.

---

**2.** That is, an offense listed in article 42.12, § 3g(a)(1) of the Code of Criminal Procedure.

*See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4(a), art. 42.12, § 3g(a)(1) (Vernon Supp.2004).