IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00027-CR

 

Patti Lee Toupal,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 28911CR/A

 



MEMORANDUM  Opinion



 








            A jury convicted Patti Lee Toupal of
possession of a controlled substance, and the court sentenced her to eighteen
years in prison.  Toupal presents three points of error challenging: (1) the factual
sufficiency of the evidence; (2) the denial of her motion for instructed
verdict; and (3) the denial of her motion to suppress.  We affirm.

FACTUAL BACKGROUND

            Officer Robert Siegmund observed a
white truck exit the freeway and park partly on the shoulder and partly on the
roadway.  The area was known for drugs, public sex acts, and other criminal
activities.  Siegmund pulled up next to the truck.  Richard Harrison was the
driver and Toupal, the actual owner of the truck, was the passenger.  However,
Siegmund did not see Toupal until she lifted her head from Harrison’s lap. 
Harrison and Toupal appeared “surprised.”  Siegmund suspected that Harrison and
Toupal had been engaged in a public sex act. [1]   

When Siegmund began asking questions, Harrison began driving away.  Siegmund followed and Harrison pulled over.  Siegmund conducted
a pat down search of Harrison and discovered a crack cocaine pipe in Harrison’s pocket.  During this time, Toupal attempted to drive away.[2] 
Siegmund placed Harrison in handcuffs, removed the keys from the truck’s
ignition, and performed a pat down search of Toupal.

Siegmund received Harrison’s consent to search the
truck and discovered cocaine in the passenger door handle.  During the search, Siegmund
heard Toupal moving around behind him.  He observed a glass crack pipe and lighter
lying on the ground near Toupal.  Toupal appeared to be trying to crush these
items with her foot.  Siegmund also located a Listerine breath strip packet and
a floss container, both of which contained cocaine.  Siegmund arrested both
Harrison and Toupal.

LEGAL AND FACTUAL SUFFICIENCY

            In her first point, Toupal argues that
the evidence is factually insufficient to support her conviction.  Toupal’s
second point is a legal sufficiency argument in the form of a challenge to the
court’s denial of her instructed verdict.  See Long v. State, 137 S.W.3d 726, 737 (Tex. App.—Waco 2004, pet.
ref’d).

Standards of Review

We apply the legal sufficiency
standard of review to arguments challenging the denial of a motion for
instructed verdict.  See Canales v. State, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003).  Under legal sufficiency review, we determine
whether, after viewing all the evidence in the light most favorable to the
verdict, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Curry
v. State, 30
S.W.3d 394, 406 (Tex. Crim. App. 2000) (citing Jackson
v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)).  We
do not resolve any conflict of fact or assign credibility to the witnesses, as
this was the function of the trier of fact.  See Dewberry
v. State, 4
S.W.3d 735, 740 (Tex. Crim. App. 1999); see also Adelman
v. State, 828
S.W.2d 418, 421 (Tex. Crim. App. 1992); Matson
v. State, 819
S.W.2d 839, 843 (Tex. Crim. App. 1991).  Inconsistencies in the
evidence are resolved in favor of the verdict.  Curry, 30 S.W.3d at 406; Matson, 819 S.W.2d at 843.

Under factual sufficiency review, we ask whether a
neutral review of all the evidence, though legally sufficient, demonstrates
that the proof of guilt is so weak or that conflicting evidence is so strong as
to render the jury's verdict clearly wrong and manifestly unjust.  Watson
v. State, 204
S.W.3d 404, 414-15 (Tex. Crim. App. 2006); Johnson
v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000).  We review the evidence weighed
by the jury that tends to prove the existence of the elemental fact in
dispute and compare it with the evidence that tends to disprove that fact.  Johnson, 23 S.W.3d at 7.  We
do not indulge in inferences or confine our view to evidence favoring one side.
Rather, we look at all the evidence on both sides and then make a predominantly
intuitive judgment.  Id.

Analysis

            To support a
conviction for possession of
a controlled substance, the State must show that the defendant: (1)
exercised actual care, control, or custody of the substance, (2) was conscious of
his connection with it, and (3) possessed the substance knowingly or
intentionally.  Hardie
v. State, 79
S.W.3d 625, 631 (Tex. App.—Waco 2002, pet. ref’d); Brown
v. State, 911
S.W.2d 744, 747 (Tex. Crim. App. 1995); see Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim.
App. 2005).  Toupal
contends that the evidence is legally and factually insufficient to link her to
possession of the cocaine.

“Mere presence at the scene does not prove possession;
there must be evidence ‘affirmatively linking’ the accused to the contraband
which shows the accused had knowledge of and control over the contraband.”  Hunter v. State, 92 S.W.3d 596, 600 (Tex. App.—Waco 2002, pet. ref’d); see Evans v. State, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006).  “[P]resence or proximity, when combined with other
evidence, either direct or circumstantial (e.g., "links"), may well
be sufficient to establish that element beyond a reasonable doubt.”  Evans,
202 S.W.3d at 162.  Such “links”
include:
(1) presence when the search was
executed; (2) contraband in plain view; (3) proximity to and accessibility
of the contraband; (4) accused under the influence of contraband when arrested;
(5) accused's possession of other contraband when arrested; (6) accused's
incriminating statements when arrested; (7) attempted flight; (8) furtive
gestures; (9) odor of the contraband; (10) presence of other contraband; (11)
accused's right to possession of the place where contraband was found; (12)
drugs found in an enclosed place; (13) accused was found with a large amount of cash; (14)
the occupants of the premises [or vehicle] gave conflicting statements about relevant
matters; (15) the accused made incriminating
statements connecting himself or herself to the contraband; and
(16) the quantity
of the contraband.  Rischer
v. State, 85
S.W.3d 839, 843 (Tex. App.—Waco 2002, no pet.); Muckleroy v. State, 206 S.W.3d 746, 749 (Tex. App.—Texarkana 2006,
pet. ref’d).  “It is the logical force of the circumstantial
evidence, not the number of links, that supports a jury's verdict.”  Evans,
202 S.W.3d at 166.

Toupal heavily relies on Harrison’s testimony claiming ownership of the cocaine.  Harrison testified that
Toupal was inside a gas station when he purchased the cocaine, smoked some of
the cocaine, and hid the remaining cocaine in the passenger door handle, the
Listerine packet, and the floss container.  Harrison testified that Toupal had
no knowledge of these events and never had possession of the cocaine or the
containers.  He further testified that he pocketed the containers and that he,
not Toupal, discarded the containers during the traffic stop.  Harrison admitted telling Toupal that he would take responsibility for the cocaine and that
he would tell the police that he got the cocaine in the street.  He also
admitted that Patty asked him to “do this for me, honey.”  Harrison claimed
ownership of all the cocaine.

            The videotape of the
traffic stop reveals both Harrison and Toupal discarding items.  The video
captures Toupal constantly moving around, reaching under her shirt, and trying
to grind something into the ground.  The video also shows Siegmund locating the
glass pipe, lighter, and floss container near Toupal’s vicinity.  Siegmund mistakenly labeled the floss container
as belonging to both Harrison and Toupal, but testified that, based on the
container’s proximity to Toupal, he attributed its ownership to Toupal.[3] 
While Harrison and Toupal waited in the patrol car, the tape recorded Harrison asking Toupal about the amount of cocaine and Toupal answering “about two grams.”

            While in jail, Toupal
engaged in a conversation with her mother, Shirley Watkins, wherein Toupal admitted
to possessing cocaine:

WATKINS: It was in his pocket?

TOUPAL: It was in both our pockets.

WATKINS: Oh, really?

TOUPAL: But the cops didn’t find anything in my
pocket.  I threw it outside.

 

WATKINS: Well, you know that these calls are
monitored?

TOUPAL: Well, that’s alright.

Watkins testified that Toupal’s previous
statements were inconsistent with this conversation.  Watkins also received a
letter from Harrison that she claimed was inconsistent with this conversation. 
 Harrison testified that he sent the letter because he was “still willing to
say that it was mine, the cocaine was mine.”

            In light of the evidence, the record
contains several links connecting Toupal to the cocaine: (1) her presence when
the search was executed; (2) her proximity to and accessibility of the
contraband; (3) her possession of other contraband when arrested; (4) her furtive
gestures; (5) the presence of other contraband; and (6) her incriminating
statements connecting her to the cocaine.  See Rischer, 85 S.W.3d at 843;
see also Muckleroy, 206 S.W.3d at 749.  Viewing the evidence in a light most favorable to the verdict, a
rational trier of fact could have found beyond a reasonable doubt that Toupal
possessed the cocaine as alleged in the indictment.  See Curry, 30 S.W.3d at 406; see
also Jackson, 443 U.S. at 319, 99 S. Ct. at
2789.  The court did not
err by denying Toupal’s motion for instructed verdict.  Neither can we say that “a neutral review of all the
evidence” demonstrates that the “proof of guilt is so weak” or the “conflicting
evidence is so strong” that the verdict is “clearly wrong and manifestly
unjust.”  Watson, 204
S.W.3d at 415; Johnson, 23 S.W.3d at 11.  Because
the evidence is legally and factually sufficient to support Toupal’s conviction,
we overrule her first and second points.

MOTION TO SUPPRESS

            In her third point, Toupal argues that
the trial court erroneously denied her motion to suppress the following: (1) cocaine
seized during the traffic stop; and (2) the recorded conversation between
Toupal and Watkins.  The State responds that Toupal has failed to preserve
error as to this point.  We agree.

“[W]hen a pre-trial motion to suppress evidence is overruled, the
accused need not subsequently object
to the admission of the same evidence at trial in order to preserve error.”  Fuller v. State, 827 S.W.2d 919, 930 (Tex. Crim. App. 1992); see Brown v. State,
183 S.W.3d 728, 741 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d).  However,
“[w]hen an accused affirmatively
asserts during trial that he has ‘no objection’ to the admission of the
complained of evidence, he waives any error in the admission of the evidence
despite the pretrial ruling.”  Dean
v. State, 749 S.W.2d 80, 83 (Tex.
Crim. App. 1988); see Swain v. State, 181 S.W.3d 359, 368 (Tex. Crim.
App. 2005); see also Price v. State, 143
S.W.3d 158, 159 (Tex. App.—Waco 2004, pet. ref’d); Brown, 183 S.W.3d at
741.

Here, defense counsel affirmatively stated that
she had “no objection” to admission of the recording, Listerine pack, and the
floss container into evidence.  In fact, the defense agreed to admission of the
floss container as long as the State agreed to remove a particular document
from the exhibit.  The State complied with this request.  Defense counsel had “no
objection” to admission of the envelope containing the cocaine from the door
handle.[4]  Under
these circumstances, Toupal has failed to preserve this point for our review.  See
Dean, 749 S.W.2d at 83; see also Swain, 181
S.W.3d at 368; Price, 143 S.W.3d at 159; Brown, 183 S.W.3d at 741.  We overrule her third point.

            The trial court’s judgment is affirmed.   
                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                   

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed June 20, 2007

Do not publish

[CR25]









[1]               Harrison testified that he and
Toupal had pulled over to change drivers.

 





[2]               Harrison claimed that Toupal was trying
to close the door to stop it from dinging.





[3]               Siegmund attributed ownership of
the cocaine in the door handle to Toupal because she had been sitting in the
passenger seat, but changed his mind when Harrison claimed ownership.  Because
the video shows Harrison throwing and kicking the Listerine packet, Siegmund
attributed its ownership to him.





[4]               Inside this
envelope was a plastic bag that once contained the cocaine from the door
handle.  The cocaine was used during analysis.  When the State sought to admit
the plastic bag, the defense objected because “it’s a plastic bag.”  The
envelope and the plastic bag address the same evidence: cocaine discovered in
the door handle.  Therefore, counsel’s objection to the plastic bag came after
evidence of the cocaine found in the door handle was already before the jury.