Opinion issued August 6, 2024



In The

# Court of Appeals

For The

## First District of Texas

—————————————

### NO. 01-22-00937-CR

—————————————

**DAVID RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case No. 1595712**

## MEMORANDUM OPINION

A jury convicted appellant David Rodriguez of the first-degree felony offense

of continuous sexual abuse of a young child and sentenced him to thirty-five years'

confinement.[1] At trial, Rodriguez objected to the admission of photographs obtained from a search of a cloud account pursuant to a search warrant on the ground that the warrant and its supporting affidavit were conclusory and insufficient to establish probable cause for the search. The trial court overruled the objection.

In his sole issue on appeal, Rodriguez argues that the trial court abused its discretion by overruling his objection and admitting the photographs into evidence. Rodriguez contends that once he objected to admission of the evidence on the ground that the warrant and affidavit lacked probable cause, the State had a duty to produce the warrant and affidavit to the trial court for inspection. Rodriguez argues that the appellate record does not affirmatively demonstrate that the State met its duty or that the trial court considered the documents, and thus the trial court reversibly erred by overruling his objection to the evidence. We affirm.

## Background

A Harris County grand jury indicted Rodriguez for continuous sexual abuse of a young child, namely Rodriguez's stepdaughter L.A. ("Louise"). *See* TEX. PENAL CODE § 21.02(b)(2)(A). Rodriguez began dating Louise's mother when Louise was three years old, and he moved in with Louise, her mother, and her siblings soon thereafter. As Rodriguez acknowledges on appeal, Louise testified in detail that

---

[1]  *See* TEX. PENAL CODE §§ 21.02(b)(2)(A), (h); 12.32(a). The trial court also assessed a $100 fine against Rodriguez. *See id.* § 12.32(b).

Rodriguez repeatedly sexually abused her from ages four to sixteen. The sexual abuse ended after Rodriguez told Louise he wanted to "run off" with her, she resisted, and he physically assaulted her. Louise ran away and reported the physical abuse to police, but she did not initially report the sexual abuse. Later, Louise called her aunt, who picked her up and took her to the aunt's house. Louise made an outcry to her aunt that Rodriguez had been sexually abusing her. The aunt then took Louise to the hospital for a sexual assault examination, and hospital personnel notified police and child protective services.

Houston Police Department Detective Jessica Lam investigated the report of Rodriguez's sexual misconduct. During the investigation, Lam obtained a warrant based on a probable-cause affidavit to search an Apple iCloud account shared by Rodriguez and his family. Neither party disputes that police obtained the warrant based on an affidavit, but neither the warrant nor the affidavit appear in the appellate record. Pursuant to the warrant, police searched the cloud account and recovered photographs of sex toys and pornographic images of Louise when she was a child.

Rodriguez filed a pretrial motion to suppress "[a]ny and all tangible evidence" seized from the cloud account. The motion generally argued that the search of the cloud account was "without lawful warrant, probable cause or other lawful authority in violation of" Rodriguez's rights under "the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, [and] Article I, Sections 9, 10 and

19 of the Constitution of the State of Texas." Rodriguez did not attach any evidence to his motion to suppress. The record does not reflect that the trial court expressly ruled on the motion to suppress.

Rodriguez's first trial resulted in a mistrial. Prior to the second trial, Rodriguez filed a motion in limine requesting that the trial court determine the admissibility of the photographs obtained from the cloud account before the State introduced the photographs into evidence. The trial court granted the motion.

At trial, the State called Detective Lam as a witness. Before asking Lam about the photographs from the cloud account, the State asked to approach the bench, apparently pursuant to the limine order. Outside the presence of the jury, Rodriguez objected to admission of the photographs. Defense counsel acknowledged that "[t]he photos were obtained with a search warrant," but counsel argued that the affidavit supporting the search warrant was "conclusory and not sufficient."[2] Defense counsel then stated, "We have a copy of the affidavit and search warrant, Judge. May I approach?" The court responded, "You may."

Defense counsel argued that "this is related to our motion to suppress this evidence that we filed months and months ago," and the State represented that it had

_____

[2] Defense counsel also argued that the photographs were unfairly prejudicial and that no evidence connected Rodriguez to the cloud account. *See* TEX. R. EVID. 403 (permitting trial court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice"). Rodriguez does not, however, raise these two arguments on appeal.

copies of the challenged photographs in its possession. The prosecutor stated that the photographs were obtained from a search of a cloud account where Rodriguez had saved photographs taken on his cell phone. The prosecutor explained that one photograph contained images of "some sex toys," and three photographs contained "graphic" images of "child pornography." The State represented that it did not intend to introduce the "graphic" photographs into evidence, but it did intend to ask its witnesses about the contents of these photographs. The trial court told the prosecutor that he did not "need to hand them up." Defense counsel argued that the affidavit supporting the search warrant was conclusory and requested that the court consider the defense's arguments "when you're looking at the affidavit[.]" Afterwards, the record indicates a "[p]ause" in the proceedings before the trial court overruled Rodriguez's objection to the photographs.

Lam testified that she obtained a search warrant for Rodriguez's cloud account, which stored Rodriguez's photographs and other information. Lam identified the photographs of the sex toys and child pornography as evidence she obtained during her investigation. Louise testified that one of the photographs depicted sex toys which Rodriguez had used on her, and the trial court admitted this photograph into evidence. Louise identified the "graphic" photographs as images of her that she had sent to Rodriguez at his request. The trial court did not admit the

"graphic" photographs into evidence.[3] Rodriguez testified that the cloud account was shared among the family members, and he denied that he ever "saw any nude photos" on the cloud account. He also testified that he photographed the sex toys while at a store and sent them to his wife, and he speculated that Louise may have seen the photograph on the cloud account.

The jury found Rodriguez guilty of the offense of continuous sexual abuse of a child and sentenced him to thirty-five years' confinement. This appeal followed.

**Admissibility of Evidence**

In his sole issue on appeal, Rodriguez contends that the trial court abused its discretion by overruling his objection to admission of the photographs obtained from the cloud account pursuant to a search warrant.

**A.    Standard of Review and Governing Law**

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Inthalangsy v. State*, 634 S.W.3d 749, 754 (Tex. Crim. App. 2021); *Gutierrez v. State*, 668 S.W.3d 46, 53 (Tex. App.—Houston [1st Dist.] 2022, pet. ref'd); *see also Wexler v. State*, 625 S.W.3d 162, 167 (Tex. Crim. App. 2021) (reviewing trial court's ruling on motion to suppress for abuse of discretion). A trial

---

[3]    At one point during Louise's testimony, the State offered the "graphic" photographs into evidence despite previously representing to the trial court that it did not intend to do so. Following an off-record discussion outside the jury's presence, however, the State clarified that it did not intend to introduce these photographs into evidence.

court "abuses its discretion when it acts without reference to any guiding rules and principles or acts arbitrarily or unreasonably." *Gutierrez*, 668 S.W.3d at 53 (quoting *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019)). "Considering that the trial court has the best view of the evidence, an appellate court will uphold a trial court's ruling on admissibility so long as it is within the 'zone of reasonable disagreement.'" *Inthalangsy*, 634 S.W.3d at 754 (quotation omitted).

The United States and Texas Constitutions protect citizens against unreasonable searches and seizures. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. Evidence obtained pursuant to an illegal search may not be admitted into evidence against the accused at a criminal trial. TEX. CODE CRIM. PROC. art. 38.23(a). Generally, police must secure a warrant based on probable cause before searching a person's private property. *See Kentucky v. King*, 563 U.S. 452, 459 (2011) ("Although the text of the Fourth Amendment does not specify when a search warrant must be obtained, this Court has inferred that a warrant must generally be secured."); *Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007) ("There is a strong preference for searches to be administered pursuant to a warrant.").

When considering whether a search violated a defendant's Fourth Amendment rights, however, courts presume that police conduct was proper. *State v. Martinez*, 569 S.W.3d 621, 623–24 (Tex. Crim. App. 2019); *Dromgoole v. State*, 470 S.W.3d 204, 213 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd). When a

defendant seeks to suppress evidence based on a violation of his Fourth Amendment rights, the defendant bears the initial burden to produce evidence that defeats the presumption of proper police conduct. *See, e.g.*, *Martinez*, 569 S.W.3d at 623–24 (stating that defendant can satisfy initial burden by establishing, for example, that search occurred without warrant); *Perez v. State*, 464 S.W.3d 34, 41 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd). If the defendant meets this initial burden, then the burden shifts to the State to produce a search warrant or evidence establishing the reasonableness of the search. *Martinez*, 569 S.W.3d at 623–24; *Perez*, 464 S.W.3d at 41.

## B. Analysis

On appeal, Rodriguez argues that once he objected to the photographs on the ground that the search warrant and supporting affidavit lacked probable cause, the State had a duty to produce the warrant and affidavit to the trial court for inspection. Rodriguez argues that because the record does not affirmatively demonstrate that the State met its burden or that the trial court reviewed the documents, the trial court abused its discretion by overruling the objection.

In response, the State emphasizes the narrow scope of Rodriguez's appellate argument by pointing out that Rodriguez does not challenge the legality of the search warrant, affidavit, or search of the cloud account; whether the cloud account was sufficiently connected to Rodriguez; or whether the photographs were unfairly

prejudicial. The State argues that when viewed in the light most favorable to the trial court's ruling, the appellate record shows that the trial court reviewed the search warrant and affidavit before overruling Rodriguez's objection. The State further argues that Rodriguez's production of the search warrant and affidavit to the trial court satisfied the State's burden of production.[4]

Before trial, Rodriguez filed a motion to suppress all tangible evidence obtained from the search of the Apple iCloud account. The motion generally argued that the cloud account "was searched without lawful warrant, probable cause or other lawful authority." The appellate record does not reflect that the trial court ruled on the motion to suppress. Rodriguez also filed a motion in limine requesting that the trial court determine the admissibility of "[a]ny testimony or admission of alleged photos and videos from the Apple iCloud account of [Rodriguez]" before the State introduced such evidence at trial. The trial court granted the motion in limine. Rodriguez did not attach any evidence to either motion.

Before the State introduced or questioned witnesses about the photographs, the prosecutor asked to approach the bench pursuant to the limine order. Defense counsel objected to admission of the photographs on the ground that the affidavit accompanying the warrant to search the cloud account was "conclusory and not

---

[4]    The State raises several additional arguments on appeal, but resolution of these arguments is not necessary to our disposition. *See* TEX. R. APP. P. 47.1.

sufficient" to establish probable cause. *See* TEX. CODE CRIM. PROC. art. 38.23(a) (providing that evidence obtained pursuant to illegal search may not be admitted into evidence against accused at criminal trial). After objecting, defense counsel stated, "We have a copy of the affidavit and search warrant, Judge. May I approach?" The court responded, "You may."

Defense counsel argued that "this is related to our motion to suppress[.]" The court and the parties' counsel then discussed the contents of the challenged photographs. The prosecutor told the court that it had copies of the photographs in its possession, and they contained images of sex toys and "graphic . . . child pornography." The State argued that it did not intend to introduce the "graphic" photographs into evidence, but it did intend to discuss their contents with Detective Lam and Louise. The trial court told the prosecutor that he did not "need to hand them up." Defense counsel concluded by requesting that the trial judge consider the defense's arguments "when you're looking at the affidavit[.]" The trial transcript noted a "[p]ause" in the proceedings before the trial court overruled Rodriguez's objection to admission of the photographs.

We disagree with Rodriguez that the record does not indicate that the trial court reviewed the search warrant and affidavit prior to ruling on his objection. Although Rodriguez correctly argues that the record does not affirmatively state that the trial court reviewed the documents, the record implies that the court did so.

10

Defense counsel asked to approach the court with copies of the affidavit and the search warrant in his possession, and the court granted the request. Defense counsel then objected to admission of the photographs primarily on the ground that the affidavit was "conclusory and not sufficient" to establish probable cause for the search. Defense counsel's final argument urged the trial judge to consider the defense's arguments "when you're looking at the affidavit[.]" After the parties' arguments, the record reflects a "[p]ause" in the proceedings before the trial court overruled Rodriguez's objection. The record thus indicates that the trial court reviewed the warrant and affidavit before ruling on the objection. *See Inthalangsy*, 634 S.W.3d at 754 (stating that because trial court has best view of evidence, reviewing court will affirm ruling on admissibility of evidence if it is within zone of reasonable disagreement).

Moreover, defense counsel's silence on this issue at trial also supports a conclusion that the trial court reviewed the documents. Defense counsel did not raise any objection to the trial court's alleged failure to consider the warrant and affidavit before ruling on the objection, either at the time of the ruling or in a post-trial motion.[5] Defense counsel's failure to object on this ground indicates that the trial

---

[5]    As the State points out, "this Court and the Fourteenth Court of Appeals have held on several occasions that it has long been a cardinal rule of appellate procedure in Texas that we must indulge *every* presumption in favor of the regularity of the proceedings and documents in the trial court." *Macias v. State*, 539 S.W.3d 410, 420 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (internal quotation marks and

11

court did review the documents and therefore that the court's failure to review the documents was not a proper ground for objection. *See id.*

The Rules of Appellate Procedure require, as a prerequisite to presenting a complaint for appellate review, the record to show that the complaining party "stated the grounds for the ruling . . . sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context[.]" TEX. R. APP. P. 33.1(a)(1)(A); *see Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (stating that to preserve error, complaining party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it") (quotation omitted). This error-preservation requirement "gives the trial judge and the opposing party an opportunity to correct the error." *Pena*, 285 S.W.3d at 464. Defense counsel's silence deprived the trial court of the opportunity to correct the alleged error which Rodriguez presents on appeal. Had defense counsel complained to the trial court that the court did not consider the documents prior to ruling on his objection, the court

---

quotations omitted). "The presumption of regularity is a judicial construct that requires an appellate court, absent *evidence* of impropriety, to indulge every presumption in favor of the regularity of the trial court's judgment." *Id.* (internal quotation marks and quotations omitted). Rodriguez points to no evidence affirmatively showing that the trial court did not review the warrant and affidavit before overruling his objection.

could have resolved the issue immediately. Indeed, having observed defense counsel's actions—which are not indicated in the appellate record—the trial court was in a better position to determine the merits of Rodriguez's arguments than this Court is when presented with a record containing only the statements of counsel and the trial court. We therefore conclude on the record before us that the trial court reviewed the warrant and supporting affidavit prior to overruling Rodriguez's objection to the photographs.

To the extent Rodriguez contends that the State nevertheless had a burden to cumulatively produce the warrant and affidavit, we disagree. The cases Rodriguez relies upon on appeal are distinguishable. Although they provide that the State has the burden to justify a search, those cases did not consider whether a defendant's production of a search warrant and supporting affidavit can satisfy the State's burden of production.[6] To the contrary, at least one of our sister courts has concluded that the defendant "satisfied the State's burden of production in the suppression hearing

---

[6]    *See Moreno v. State*, 858 S.W.2d 453, 462 (Tex. Crim. App. 1993) (concluding that State exhibited warrant and affidavit to trial court); *Miller v. State*, 736 S.W.2d 643, 646–48 (Tex. Crim. App. 1987) (op. on reh'g) (reviewing challenged search warrant affidavit admitted into evidence by defendant and declining to consider other affidavits not admitted into evidence); *Cannady v. State*, 582 S.W.2d 467, 469 (Tex. Crim. App. 1979) (concluding that although warrant was not admitted into evidence, record showed warrant and supporting affidavit were exhibited to trial court); *Brown v. State*, 313 S.W.2d 297, 297 (Tex. Crim. App. 1958) (finding no record evidence that warrant was ever produced to trial court for inspection and concluding that "mere proof that the officers had a search warrant is no evidence that such warrant was regular on its face") (quotation omitted).

by offering the warrants and supporting affidavits in evidence." *Price v. State*, 143 S.W.3d 158, 160 (Tex. App.—Waco 2004, pet. ref'd).

Moreover, as the Court of Criminal Appeals has stated, the rationale for the rule requiring the State to justify a search by producing the warrant to the trial court for inspection

> rests on the assumption that the State has more ready access to the documents at issue and thus can most easily comply with a requirement for production. When the existence or terms of those documents becomes crucial to the hearing, then the State is more fairly given the obligation of making them available. This permits the court to test the reasonableness of the State's reliance upon them and facilitates any attack upon their sufficiency the defendant may wish to mount.

*Handy v. State*, 189 S.W.3d 296, 298 (Tex. Crim. App. 2006) (quoting 42 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 29.111 (2d ed. 2001)). But when the defendant has a copy of the challenged warrant and affidavit when objecting to their validity, the rationale for requiring the State to produce the documents—more ready access to crucial documents—is less significant. Here, for example, defense counsel requested to approach the trial court with the challenged documents in hand. This is not to say that Rodriguez bore the burden of production merely because he possessed the documents. But we disagree with Rodriguez to the extent he argues that the State was required to produce an additional copy of the search warrant and affidavit after defense counsel already produced the documents. Ultimately, because the record

indicates that the trial court reviewed the warrant and affidavit, the State's burden of production was satisfied. *See Price*, 143 S.W.3d at 160.

Even if we agreed with Rodriguez that the trial court did not review the warrant and affidavit, however, our decision would remain the same, albeit for different reasons. Rodriguez's argument on appeal omits the first step in the burden-shifting analysis. *See Martinez*, 569 S.W.3d at 623–24; *Perez*, 464 S.W.3d at 41. That is, before the State's burden of production arose, Rodriguez bore the initial burden to produce evidence that defeated the presumption that police acted properly when obtaining the search warrant. *See Martinez*, 569 S.W.3d at 623–24; *Perez*, 464 S.W.3d at 41. As the Court of Criminal Appeals has stated:

> The basis for and formulation of the rule suggests that the State's duty [to exhibit the warrant and its supporting affidavit] does not arise until . . . the defendant fulfills his initial burden of producing evidence and convincing the court that the evidence at issue was obtained by a search . . . *and that the police action was without a warrant or was otherwise on its face unreasonable*. Only when the analysis progresses to the warrant and supporting affidavit should the State have the duty of producing those documents.

*Handy*, 189 S.W.3d at 298–99 (quoting 42 DIX & DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 29.112).

Assuming that defense counsel did not produce the warrant and affidavit to the trial court—as Rodriguez contends on appeal—then Rodriguez presented no evidence to support his objection on the ground that police acted improperly in obtaining the search warrant. *See Martinez*, 569 S.W.3d at 623–24; *Perez*, 464

S.W.3d at 41. Rodriguez did not rely on any evidence to support the arguments in his motion to suppress and motion in limine, both of which challenged the validity of the search warrant and affidavit. Moreover, when Rodriguez objected at trial, he did not mention or rely on any evidence other than the warrant and affidavit, which he now contends were not before the trial court. Thus, if Rodriguez produced no evidence supporting his objection to admission of the photographs based on an insufficient warrant, then he did not satisfy his initial burden to overcome the presumption that police acted properly in obtaining the warrant, and thus the burden of production never shifted to the State. *See Martinez*, 569 S.W.3d at 623–24; *Perez*, 464 S.W.3d at 41; *see also Handy*, 189 S.W.3d at 299 (concluding that "the State had no duty to exhibit the search warrant and its supporting affidavit to the trial court" in part because defendant "never established that the search in question was on its face unreasonable").

We conclude on the record before us that the trial court reviewed the search warrant and affidavit prior to ruling on Rodriguez's objection to admission of the challenged photographs. We therefore hold that the trial court did not abuse its discretion by overruling Rodriguez's objection to admission of the photographs into evidence. *See Gutierrez*, 668 S.W.3d at 53.

We overrule Rodriguez's sole issue on appeal.

## Conclusion

We affirm the trial court's judgment of conviction.



April L. Farris
Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).